INVESTMENT TRUST OF MUTUAL INVESTMENT COMPANY, EMPIRE TRUST COMPANY, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54695. Promulgated April 28, 1933.

*Herbert J. Lyall, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, for the respondent.

1324

OPINION.

SMITH: The question presented by this proceeding is, first, whether the petitioner is an association taxable as a corporation under the provisions of the Revenue Act of 1928; and, second, if so, whether the operations of the Mutual Investment Company, the managing company, should be consolidated with it for the purpose of computing taxable net income.

Section 701 of the Revenue Act of 1928 provides in part as follows:

(a) When used in this Act—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) The term " corporation " includes associations, joint-stock companies, and insurance companies.

Articles 1312 and 1314 of Regulations 74 are as follows:

ART. 1312. *Association.*—Associations and joint-stock companies include associations, common law trusts, and organizations by whatever name known, which act or do business in an organized capacity, whether created under and pursuant to State laws, agreements, declarations of trust, or otherwise, the net income of which, if any, is distributed or distributable among the shareholders on the basis of the capital stock which each holds, or, where there is no capital stock, on the basis of the proportionate share or capital which each has or has invested in the business or property of the organization. A corporation which has ceased to exist in contemplation of law but continues its business in quasi-corporate form is an association or corporation within the meaning of section 701.

ART. 1314. *Association distinguished from trust.*—Where trustees merely hold property for the collection of the income and its distribution among the beneficiaries of the trust, and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business, and the beneficiaries have no control over the trust, although their consent may be required for the filling of a vacancy among the trustees or for a modification of the terms of the trust, no association exists, and the trust and the beneficiaries thereof will be subject to tax as provided by sections 161–170 and by article 861–891. If, however, the beneficiaries have positive control over the trust, whether through the right periodically to elect trustees or otherwise, an association exists within the meaning of section 701. Even in the absence of any control by the beneficiaries, where the trustees are not restricted to the mere collection of funds and their payment to the beneficiaries, but are associated together with similar or greater powers than the directors in a corporation for the purpose of carrying on some business enterprise, the trust is an association within the meaning of the Act.

The line of demarcation between a trust taxable as an association and one taxable under sections 161 to 169 of the Revenue Act of 1928 is not sharply drawn. The situation under the 1928 Act is similar to that which was involved in the case of *Hecht* v. *Malley*, 265 U. S. 144, under the Revenue Act of 1918, wherein the Supreme Court stated:

We think that the word " association " as used in the Act clearly includes " Massachusetts Trusts " such as those herein involved, having quasi-corporate organizations under which they are engaged in carrying on business enterprises. What other form of " associations," if any, it includes, we need not, and do not, determine.

Since the pronouncement of the above cited decision in 1924, the courts and this Board have many times had occasion to pass upon the question of whether a given trust is taxable as an association or as a strict trust.

As pointed out in *Morriss Realty Co. Trust No. 1*, 23 B. T. A. 1076, there are three tests for determining whether an organization is to be classified as one or the other: (1) business purpose; (2) busi-

In *Ittelson* v. *Anderson*, Feb. 9, 1933, the United States District Court for the Southern District of New York stated:

> * * * The Supreme Court of the United States in the case of *Hecht* v. *Malley*, 265 U. S. 114, emphasized the test of business purpose and operation rather than that of structure; that is, the control or lack of control exercised by the beneficiaries.

In *Ittelson* v. *Anderson*, —— Fed. (2d) ——, Feb. 9, 1933, the United States District Court for the Southern District of New York stated:

> Under the opinion from which the foregoing excerpts have been quoted, there appear to be three elemental requisites to a trust which, under the capital stock tax statutes, is to be regarded as an "association." (1) It should have a "quasi-corporate form;" (2) its trustees should be "associated together in much the same manner as the directors in a corporation;" and (3) the trustees must be engaged in carrying on a business.
>
> * * * * * * *
>
> * * * trusts have been held to be taxable as "associations" wherever they carried on active commercial enterprises. *Neal* v. *United States*, 28 F. (2d) 1022 (C. C. A.–1st), cert. den. 273 U. S. 659; *Little Four Oil & Gas Co.* v. *Lewellyn*, 35 F. (2d) 149 (C. C. A.–3rd); *Trust No. 3833, Security-First National Bank* v. *Welch*, 54 Fed. (2d) 323 (C. C. A.–9th); *Tulsa Mortgage Investment Co.* v. *Commissioner*, 21 B. T. A. 735; *Mary L. Dutton* v. *Commissioner*, 18 B. T. A. 1151; *Rochester Theatre Trust Estate* v. *Commissioner*, 16 B. T. A. 1275; *E. A. Landreth Co.* v. *Commissioner*, 11 B. T. A. 1; *Anderson Steam Vulcanizer Co.* v. *Commissioner*, 6 B. T. A. 737. The only trusts engaging in business activity, which have not been classified as "associations" have been those formed for the liquidation of concerns or estates. (*White* v. *Hornblower*, 27 F. (2d) 777, (C. C. A. 1st); *Blair* v. *Wilson Syndicate Trust*, 39 F. (2d) 43, (C. C. A. 5th); *Gonzolus Creek Oil Co.* v. *Commissioner*, 12 B. T. A. 310), and real estate trusts where it was deemed that the trustees were merely holding property for the collection of income (*Lansdowne Realty Trust* v. *Commissioner*, 50 F. (2d) 56, (C. C. A. 1st); *Fisk* v. *United States*, 60 F. (2d) 665, and were not actively engaged in managing the property or buying and selling real estate. See *C. W. Cowell Co.* v. *Commissioner*, 21 B. T. A. 1274, cf. *Tyson* v. *Commissioner*, 54 F. (2d) 29, (C. C. A. 7th). Apparently, the judicial emphasis has been placed upon the third element of the test set forth in the *Hecht* case,— namely, that the trustees be engaged in carrying on a business, as distinguished from winding up a business or merely holding property and receiving and distributing its income. The question of whether the trust had a "quasi-corporate form" or whether the directors were associated together like "the directors of a corporation" has been subordinated by the courts to the consideration of whether they should regard the control of the beneficiaries over the trustees, or the business activities of the trustees, as the decisive consideration. Results have been reached on both theories. See, for example, *White* v. *Hornblower*, *supra*, in the First Circuit, where there was no control in the beneficiaries and the purpose of the trust was to liquidate a business. The majority of the court there held that the trust was not an association, because its function was not to carry on a business enterprise, but to bring about its liquidation. Bingham J. concurred on the ground that the organization under analysis was a strict

trust under Massachusetts law, and not an association, the beneficiaries having no control over the actions of the trustees. On the whole, it would appear that the weight of authority has regarded the business activity of the trustees as the controlling factor. * * *

The petitioner does not deny that the indenture entered into on April 1, 1926, had behind it a business purpose. It contends, however, that the Mutual Investment Company was the entity which was to transact the business; that the petitioner was simply to hold the legal title to securities and was not to engage in business operations. We are not impressed by this argument. The organization of the petitioner was an integral part of the whole scheme. It held the legal title to the securities and it was the only one that could purchase and sell securities. The income of the entire operation was to be the income of the petitioner in the first instance, and that income was to be derived in part from trading in securities. In a very real sense the petitioner was organized for a business purpose.

We also think that it was engaged in a business operation. The petitioner argues that it was not doing business within the meaning of the decisions of the courts which have held the transaction of business a factor of importance in the classification of an organization of the character of the petitioner. In its brief the petitioner states:

> While the buying and selling of securities may become a business, as the Bureau held, such changes in investment as an active trustee reasonably makes in the trust funds in his care to meet the continually changing important economic and financial conditions is *investment* and not *business*, and we most emphatically maintain we are doing no more than a wide-awake Trustee should do.

We can not agree that the investment of funds by an entity organized for that purpose does not constitute the doing of business. The evidence of record shows that the petitioner intended to take advantage of wide swings in the market and, in point of fact, a large percentage of the petitioner's net income for 1928 was from profit on the sale of securities. The petitioner was doing the business for which it was organized. The fact that most of the work was performed by the managing company and paid for by that company does not make it that the petitioner was not doing business.

In numerous decisions of the courts one of the criteria for determining whether a trust is taxable as an association is the extent of the authority which the beneficial certificate holders have over the trustees. Here the evidence is to the effect that when 15 per cent of the Class A certificate holders indicate in writing that they are dissatisfied with the trustee it will be removed and a new one appointed. The certificate holders themselves do not have the power of appointment of a new trustee, but the managing company has that

power. It is nevertheless the fact that the certificate holders have a measure of control over the trustee.

The form of organization óf the petitioner is not that of a corporation, except that its capital is divided into shares. In *Twin Bell Oil Syndicate*, 26 B. T. A. 172, the Board said:

Quasi-corporate form is not an indispensable element of an "association." *Sears, Roebuck & Co., etc., Fund* v. *Commissioner*, 45 Fed. (2d) 506. But business purpose and activities are criteria which clearly bring the petitioner within the category of associations. *Willis* v. *Commissioner*, —— Fed. (2d) —— (C. C. A., 9th Cir., May 2, 1932), affirming 22 B. T. A. 564. Cf. *Russell Tyson et al., Trustees*, 25 B. T. A. 520.

The petitioner also makes the point that under the laws of the State of New York and under the provisions of the indenture the certificates of beneficial interest are not transferable. It is to be noted, however, that a certificate holder may assign his right to redeem and the assignee may under the provisions of the indenture turn in the acquired certificate and have reissued to him a certificate in his own name. The provision of the indenture, therefore, that the certificates may not be transferred is of no consequence in the determination of this issue.

It was apparently the intention of Congress to tax as corporations, associations of men, other than copartnerships, organized for the purpose of carrying on a business. We think that where men associate themselves together and contribute money to a common fund to be held by one or more trustees for a business purpose, the profits thereof to inure to them, the entity thus created is properly classifiable as an association, regardless of the power of control held over the trustee by the associates; of their authority freely to transfer their shares of beneficial interests; or of any provision for meetings of the certificate holders. Upon the entire record we are of the opinion that the petitioner was an association taxable as a corporation for 1928.

With respect to the second contention of the petitioner, that if it is held to be an association there should be consolidated with it for the purpose of computing its net income the operations of the Mutual Investment Company, we are of the opinion that there is no authority in the law for such consolidation. The shareholders of the Mutual Investment Company are different from those of the petitioner. The expenses of the Mutual Investment Company are not the expenses of the petitioner. The provision in the indenture that the managing company shall receive a share of the profits of the petitioner to compensate it for its services in furnishing investment advice in no wise affects the net income of the petitioner.

Reviewed by the Board.

*Judgment will be entered for the respondent.*