BROOKLYN TRUST COMPANY, AS TRUSTEE UNDER ITS DECLARATION OF TRUST BEARING DATE APRIL 22, 1929, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71673.   Promulgated January 17, 1935.

*Francis L. Durk, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

## OPINION.

SMITH: The only question for our determination in this proceeding is whether the petitioner in respect of its trusteeship of the composite fund is an association taxable as a corporation.

Section 701 of the Revenue Act of 1928 provides in part as follows:

(a) When used in this Act—

\* \* \* \* \* \* \*

(2) The term "corporation" includes associations, joint-stock companies, and insurance companies.

Articles 1312 and 1314 of Regulations 74 are as follows:

Art. 1312. *Association.*—Associations and joint-stock companies include associations, common law trusts, and organizations by whatever name known, which act or do business in an organized capacity, whether created under and pursuant to State laws, agreements, declarations of trust, or otherwise, the net income of which, if any, is distributed or distributable among the shareholders on the basis of the capital stock which each holds, or, where there is no capital stock, on the basis of the proportionate share or capital which each has or has invested in the business or property of the organization. A corporation which has ceased to exist in contemplation of law but continues its business in quasi-corporate form is an association or corporation within the meaning of section 701.

Art. 1314. *Association distinguished from trust.*—Where trustees merely hold property for the collection of the income and its distribution among the beneficiaries of the trust, and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business, and the beneficiaries have no control over the trust, although their consent may be required for the filling of a vacancy among the trustees or for a modification of the terms of the trust, no association exists, and the trust and the beneficiaries thereof will be subject to tax as provided by sections 161–170 and by articles 861–891. If, however, the beneficiaries have positive control over the trust, whether through the right periodically to elect trustees or otherwise, an association exists within the meaning of section 701. Even in the absence of any control by the beneficiaries, where the trustees are not restricted to the mere collection of funds and their payment to the beneficiaries, but are associated together with similar or greater powers than the directors in a corporation for the purpose of carrying on some business enterprise, the trust is an association within the meaning of the Act.

The petitioner contends first that in respect of the composite fund it was not an association taxable as a corporation in 1930, the taxable year before us, but was a trust. It further contends that this issue is *res judicata*, having been determined by the United States District Court for the Eastern District of New York in *Brooklyn Trust Co.* v. *Corwin*, 5 Fed. Supp. 287, and, if not, that it should be decided in the petitioner's favor under the doctrine of *stare decisis*.

In deciding that the composite fund did not constitute an " association " and that the certificates of beneficial interest were not subject to the stamp tax imposed on corporate shares, the court, in *Brooklyn Trust Co.* v. *Corwin, supra*, expressed the opinion that the composite fund was merely an extension of the trust services performed by the petitioner in accordance with the law of the State of New York.

In *Investment Trust of Mutual Investment Co.*, 27 B. T. A. 1322, we held that an organization created for the purpose of carrying on a securities investment business for profit and actively engaged in such business on a large scale was an association taxable as a cor-

poration. The facts in that case bear a strikingly close resemblance to those in the instant case. In each instance the beneficial shareholders turned over funds to a single trustee for investment purposes and received the profits in the form of dividends or similar distributions. In each instance the trust funds were commingled and the investments made as a single business enterprise. In *Investment Trust of Mutual Investment Co., supra*, the taxpayer was organized by an agreement executed by and between the Mutual Investment Co. and the Empire Trust Co. Under the agreement the latter company held the legal title to the funds while the active management was entrusted to the Mutual Investment Co. Certificates were issued to, and the profits from the fund distributed to, the beneficial shareholders. In the instant case the composite fund was created by a so-called declaration of trust executed by the petitioner under the terms of which the petitioner was to act in a dual capacity as trustee for the separate trust funds comprising the composite fund and also as manager of the composite fund. The certificates of beneficial interest here were not issued directly to the beneficial owners, but to the petitioner as trustee for such owners. In our opinion in *Investment Trust of Mutual Investment Co., supra*, we said:

It was apparently the intention of Congress to tax as corporations, associations of men, other than copartnerships, organized for the purpose of carrying on a business. We think that where men associate themselves together and contribute money to a common fund to be held by one or more trustees for a business purpose, the profits thereof to inure to them, the entity thus created is properly classifiable as an association, regardless of the power of control held over the trustee by the associates; of their authority freely to transfer their shares of beneficial interests; or of any provision for meetings of the certificate holders. Upon the entire record we are of the opinion that the petitioner was an association taxable as a corporation for 1928.

On appeal, that case was affirmed by the Circuit Court of Appeals for the Second Circuit without opinion, 71 Fed. (2d) 1009. Since the promulgation of our decision in that case the same court, the Circuit Court of Appeals for the Second Circuit, decided *Ittleson* v. *Anderson*, 67 Fed. (2d) 323, affirming *Ittleson* v. *Anderson*, 2 Fed. Supp. 716, which we relied upon strongly in *Investment Trust of Mutual Investment Co., supra*. The facts in *Ittleson* v. *Anderson* were that a single grantor conveyed to himself and to others as cotrustees certain property, consisting entirely of stocks, to be held in trust for the benefit of the holders of certificates of beneficial interest. Two certificates representing the entire beneficial interest were issued to the grantor. The trustees received the income from the funds, consisting of dividends and interest, which they either distributed to the sole beneficiary or reinvested. In holding that

the trust was an association taxable as a corporation and that the certificates of interest issued were subject to the capital stock tax, the court said:

An examination of these cases [the cases referred to being *Hecht* v. *Malley*, 265 U. S. 144; *Sloan* v. *Commissioner*, 63 Fed. (2d) 666; *Merchants' Trust Co.* v. *Welch*, 59 Fed. (2d) 630; *Trust No. 5833, Security-First Nat. Bank*, v. *Welch*, 54 Fed. (2d) 323; *Little Four Oil & Gas Co.* v. *Lewellyn*, 35 Fed. (2d) 149; *United States* v. *Neal*, 28 Fed. (2d) 1022; *Lansdowne Realty Trust* v. *Commissioner*, 50 Fed. (2d) 56; *Gardiner* v. *United States*, 49 Fed. (2d) 992; *Allen* v. *Commissioner*, 49 Fed. (2d) 717] indicates the rule to be that whether or not a particular trust is taxable as an association depends not so much upon the extent of the powers given to the trustees in the deed of trust, but rather upon the nature of the activities of the trustees and the use they make of the powers given to them. *Gardiner* v. *United States, supra.* A distinction is to be drawn between the activities of trustees under a strict trust as distinguished from the activities under a business trust. Even in the strict trust the activities of the trustees, in preserving the trust estate, may partake of the nature of business transactions. It is a matter of degree. When, on the one hand, the trustees promote and conduct a particular business enterprise with the trust estate, it is considered an association. The usual type is a trust for the development of real estate (*Trust No. 5833, Security-First Nat. Bank* v. *Welch, supra*) or for the active management of developed real estate (*U. S.* v. *Neal, supra*). When, on the other hand, a trustee is merely engaged in the amount of business activity necessary to preserve the corpus and otherwise discharge the functions traditionally attributable to a strict trust, it is not treated as an association. *Lansdowne* v. *Com'r, supra; Gardiner* v. *Com'r, supra; Allen* v. *Com'r, supra.* Between these extremes is the field where trustees in the management of trust property engage in considerable business activity, and the question then presented is whether they function as a business organization or merely as trustees under the modern conception of what a strict trustee has a duty and right to do.

* * * In the modern use of the trust device a trustee of the strict trust, traditionally concerned with preservation, may engage in some activities with a view of an accretion to the corpus. A distinction between a strict and business trust cannot be made solely upon the presence or absence of the profit motive. When that motive exists in a strict trust, it is to a restricted extent. When the trustee of an estate consisting of securities engaged in considerable business activity and is trading those securities and loans and invests the proceeds so that he is in reality conducting an investment business for profit, then the estate is in business and is taxable as an association. ·

* * * Activities such as the purchase and sale of stock and bonds of corporations not connected with the corporations represented in the original corpus and the purchase of an interest in an oil syndicate for profit (May Stores stock, U. S. Public Service Bonds; Amster Syndicate) were sufficient upon which to base a finding that this was a business trust, although the other activities of the trustees considered alone might well have been within the limits of a strict trust.

In our opinion the question here in issue is substantially the same as that involved in *Ittleson* v. *Anderson, supra,* and in *Investment Trust of Mutual Investment Co., supra,* and under authority of those

opinions we must hold that, in respect of the composite fund, the petitioner was an association taxable as a corporation in the year before us.

There can be no doubt that the management and operation of the composite fund, involving the investment and reinvestment of such a large amount of capital and the collection and distribution of interest and dividends, constituted an active business as distinguished from a passive or liquidating trust. We said in *Investment Trust of Mutual Investment Co., supra*:

> We also think that it was engaged in a business operation. The petitioner argues that it was not doing business within the meaning of the decisions of the courts which have held the transaction of business a factor of importance in the classification of an organization of the character of the petitioner. In its brief the petitioner states:
>
>> While the buying and selling of securities may become a business, as the Bureau held, such changes in investment as an active trustee reasonably makes in the trust funds in his care to meet the continually changing important economic and financial conditions is *investment* and not *business,* and we most emphatically maintain we are doing no more than a wide-awake Trustee should do.
>
> We cannot agree that the investment of funds by an entity organized for that purpose does not constitute the doing of business. The evidence of record shows that the petitioner intended to take advantage of wide swings in the market and, in point of fact, a large percentage of the petitioner's net income for 1928 was from profit on the sale of securities. The petitioner was doing the business for which it was organized. The fact that most of the work was performed by the managing company and paid for by that company does not make it that the petitioner was not doing business.

See also the above quoted language of the court in the *Ittleson* case upon this point; *Twin Bell Oil Syndicate,* 26 B. T. A. 172; affd., 70 Fed. (2d) 402; *Russell Tyson et al., Trustees,* 25 B. T. A. 520; affd., 68 Fed. (2d) 584; certiorari denied, 292 U. S. 657. Cf. *Morriss Realty Co. Trust No. 1,* 23 B. T. A. 1076; affd., 68 Fed. (2d) 648.

We are not unmindful that the conclusion thus reached by us in this proceeding is, in effect, contrary to that reached by the United States District Court in *Brooklyn Trust Co.* v. *Corwin, supra.* With all due respect for the decision of the court in that case, however, we are of the opinion that, in so far as it may stand for the proposition that the petitioner in respect of the composite fund is not to be classified as an association taxable as a corporation for income tax purposes, it is not in harmony with the majority of the authorities, particularly the *Ittleson* and the *Investment Trust of Mutual Investment Co.* cases discussed above.

We are also of the opinion that the issue as to whether the petitioner is an association taxable as a corporation for income tax purposes is not *res judicata* by reason of the decision of the United

States District Court for the Eastern District of New York in *Brooklyn Trust Co.* v. *Corwin, supra.* The Supreme Court has held that a judgment in a suit to which the collector of internal revenue is a party does not conclude the Commissioner or the United States Government. *Tait* v. *Western Maryland Ry. Co.*, 289 U. S. 620; *Bankers' Pocahontas Coal Co.* v. *Burnet*, 287 U. S. 308. Moreover, the question involved in *Brooklyn Trust Co.* v. *Corwin, supra*, was whether the petitioner was liable for the stamp tax upon the certificates issued by the composite fund, whereas the instant proceeding involves the petitioner's liability for income tax under a different provision of the statute.

We are of the further opinion that there is no merit in the petitioner's contention that it is entitled to a judgment in the instant proceeding under the doctrine of *stare decisis*. We do not understand that the principle of law which the petitioner seeks to apply in this proceeding has been established by the courts of last resort so as to render applicable the doctrine of *stare decisis*.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

GOODRICH, dissenting: Both *Investment Trust of Mutual Investment Co., supra*, and *Ittleson* v. *Anderson, supra*, upon which the majority opinion relies, bottom upon facts so divergent from those in the instant proceeding that those decisions, save for reiteration of principles, offer little basis for the determination of this controversy.

These questions must be answered here: Do funds held by petitioner as trustee under instruments creating strict trusts - change character when commingled for investment? · Does the investment (and reinvestment) of separate trust funds, which is an activity clearly within the duties of the trustee of a strict trust, become a different thing when done on a large scale and simultaneously for a number of such trusts? And do the commingling of funds, and the carrying on of investment and reinvestment in bulk, so to speak, transform into a quasi-corporate operation such as these statutory provisions aim at, the performance of the duty to which petitioner, as trustee, is committed respecting each separate, strict trust?

I am not ready, as apparently are the majority of my brethren, to answer these questions affirmatively and so reach their conclusion in this case. Moreover, I cannot comprehend the composition of the association which, according to the prevailing opinion, here exists. Who is in it? The settlors of the various strict trusts? Not they, for they don't know each other in this arrangement; they have no control of the fund nor voice in its management; they don't have

even an evidence of an interest in it. Or is the association composed of petitioner, standing on one foot as trustee of the several strict trusts, and on the other as manager of the composite fund? If that be the theory, it is one too novel for me to accept without considerably more elucidation, especially since it necessarily was considered and already has been rejected by the district court in its decision on this issue—*Brooklyn Trust Co.* v. *Corwin, supra.*

It is immaterial whether, as respondent asserts and petitioner denies, this arrangement under the declaration of trust creating the composite fund was planned to obtain for petitioner the advantages resulting from the operation of an investment trust and yet avoid classification and taxation as an association. That is its effect. And we would do better to recognize the result rather than nullify it by a conclusion so plainly erroneous.

ARUNDELL, VAN FOSSAN, MCMAHON, MATTHEWS, and LEECH agree with this dissent.