## BANKERS POCAHONTAS COAL CO. *v.* BURNET, COMMISSIONER OF INTERNAL REVENUE.

No. 104. Argued November 18, 1932.—Decided December 5, 1932.

*Mr. Camden R. McAtee*, with whom *Mr. Wells Goody-koontz* was on the brief, for petitioner.

*Assistant Attorney General Youngquist*, with whom *Solicitor General Thacher*, and *Messrs. Whitney North Seymour, Sewall Key*, and *Andrew D. Sharpe* were on the brief, for the respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioner, in 1912, acquired West Virginia coal lands in fee and, by assignment from the prior owners, certain leases or contracts entered into by them with various coal

operators, by which the latter acquired the right to enter upon and use the lands for the production of coal and coke for a specified period, in consideration of stipulated royalties for the coal and coke produced, including minimum royalty payments in each year. In determining petitioner's income and profits taxes for the years 1920 to 1926, the Commissioner of Internal Revenue treated the royalty payments, after deducting a depletion allowance of 3.6¢ per ton of coal mined, as taxable income of petitioner, and assessed a corresponding increase in the tax. On appeal this ruling of the Commissioner was sustained, both by the Board of Tax Appeals, 18 B. T. A. 901, and the Court of Appeals for the Fourth Circuit, 55 F. (2d) 626. We granted certiorari on a petition which assails the judgment below on three grounds, which will be separately considered.

*First.* It is insisted that no part of the royalties is taxable income of petitioner. Petitioner rests this contention on what is stated to be a rule of law of West Virginia, that under coal leases, like those presently involved, the title to the coal, in place, passes to the lessee or operator immediately on execution of the lease. From this it is argued that the royalties received were but payments for capital assets acquired and sold before the adoption of the Sixteenth Amendment, and that their taxation as income is not authorized either by the statute or by the Sixteenth Amendment, because not apportioned.

The question whether payments of bonus and royalties from the lessee to the lessor of an oil lease are income within the meaning of the Revenue laws taxing income, or a return of capital as upon a sale of the oil, was recently before this Court in *Burnet* v. *Harmel, ante,* p. 103. Although it was contended there, as it is here, that by state law the title to the mineral content of the leased land passed to the lessee upon execution of the lease, it was

held that this characterization of the transaction in the local law did not affect the conclusion that the payments were gross income subject to tax, after the deductions allowed by the taxing act. The considerations which led to the conclusion that bonus and royalties paid to the lessor of Texas oil lands are taxable income and not a conversion of capital, as upon a sale of capital assets, are equally applicable to West Virginia coal leases, whether the title to the coal in place passes to the lessee at the date of the lease, or only upon severance by the lessee.

The applicable statutes thus construed and applied do not tax any part of petitioner's capital investment before March 1, 1913. Section 234 (a) (9) of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1077, and regulations under it, require depletion allowances upon bonus and royalty payments received by the lessor of mineral lands, sufficient to provide for a return in full of his invested capital. The provisions of that section, and the related Treasury Regulations have been continued with the later Revenue Acts, see *Murphy Oil Co.* v. *Burnet,* decided this day, *ante,* p. 299. The fact that the depletion allowance under the Revenue Act of 1913 was more limited is not pertinent here. *Burnet* v. *Thompson Oil & Gas Co.,* 283 U. S. 301.

*Second.* In a suit brought by the petitioner in the District Court for Northern West Virginia, *Bankers Pocahontas Coal Co.* v. *White, Collector of Internal Revenue,* with respect to taxes for the years 1914 to 1919, it was held that petitioner was entitled to a depletion allowance on royalties received from the leases involved in the present suit, of 5¢ per ton of coal mined. It is insisted that the decision in that case was *res adjudicata* of that issue, and that in fixing the depletion allowance of the present case at 3.6¢ per ton, the court below and the Board of Tax Appeals erroneously refused to follow the decision of the District Court in the earlier case. With respect to

this contention it is sufficient to say that the suit in the District Court was not against the Commissioner of Internal Revenue, the respondent here, but against the Collector, judgment against whom is not *res adjudicata* against the Commissioner or the United States. *Graham & Foster* v. *Goodcell*, 282 U. S. 409, 430; *Sage* v. *United States*, 250 U. S. 33; see *Smietanka* v. *Indiana Steel Co.*, 257 U. S. 1; compare *Union Trust Co.* v. *Wardell*, 258 U. S. 537.

*Third.* After the Board of Tax Appeals had filed its findings of fact and opinion, both respondent and petitioner submitted recomputations of the amount of the deficiency under the Board's report, as provided by Rule 50 of the Board's Rules of Practice. In petitioner's recomputation, the claim was made for the first time that the minimum royalty payments stipulated by the leases had in some instances exceeded the amount of the per ton royalty which would have been payable on actual production, and it was asked that the depletion allowance be computed upon the basis of the actual payments made, instead of upon the number of tons extracted. Petitioner, at a hearing on the recomputation, tendered evidence in support of this claim. The Board rejected the evidence and denied petitioner's motion for a rehearing in order to present this contention. The court below upheld this action.

The Board is authorized to prescribe rules of practice and procedure for the conduct of proceedings before it. § 601, Revenue Act of 1928, c. 852, 45 Stat. 791, 871, 872, amending § 907 (a), Revenue Act of 1924, as amended; see *Goldsmith* v. *Board of Tax Appeals*, 270 U. S. 117. Rule 50 prescribes the procedure for computing the amount of the deficiency after the Board has heard and decided the issues raised and presented on the merits. In terms, it directs that the hearing on the computation

which it authorizes is to be " confined strictly to the consideration of the correct computation of the deficiency or overpayment resulting from the determination already made, and no argument will be heard upon or consideration given to . . . any new issues." The Board has held that under the Rule new issues may not be raised and urged on a hearing upon the computation. Great Northern Ry. Co. *v.* Commissioner, 10 B. T. A. 1347, affirmed on other issues 40 F. (2d) 372. The rule was a proper exercise of the power of the Board to prescribe the practice in proceedings before it. See *O'Meara* v. *Commissioner,* 34 F. (2d) 390, 395; *Boggs & Buhl* v. *Commissioner,* 34 F. (2d) 859, 861; *Metropolitan Business College* v. *Blair,* 24 F. (2d) 176, 178; compare *Sooy* v. *Commissioner,* 40 F. (2d) 634.

The purpose of the tendered evidence was to bring the case within the ruling of the Court of Appeals for the Ninth Circuit affirmed in *Murphy Oil Company* v. *Burnet, supra,* that bonus payments to the lessor of a mineral lease are to be treated as advanced payments of royalties and depletion allowed. This was a new issue. We need not consider the contention of the government that it does not clearly appear either that the stipulated minimum payments exceeded the total per ton royalties upon the leases or that, even if they did, the excess of the minimum royalties over the royalties computed on actual production can, upon a proper construction of the leases, be treated as advance payment of the per ton royalties to accrue in future years. It is not shown that the evidence tendered was not available to the petitioner in ample time to present it before the Board had made and filed its findings of fact and opinion. Under the circumstances, we cannot say that the Board abused its discretion in denying a rehearing.

*Affirmed.*