## WALKER v. COMMISSIONER OF INTERNAL REVENUE (two cases).

## GOLDSTEIN v. SAME (two cases).

### Nos. 6806–6809.

Circuit Court of Appeals, Fifth Circuit.

May 12, 1933.

Petition for Permission to File a Second Application for Rehearing Denied June 9, 1933.

S. L. Herold and Elias Goldstein, both of Shreveport, La., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and F. Edward Mitchell, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. Arthur Adams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

PER CURIAM.

Appellants, in connection with their motions for rehearing, not only reargue the point they presented before, that they received no taxable income in the years 1923 and 1924, but for the first time advance arguments in support of their claim to depletion which, though they had an assignment of error claiming it in the alternative, they did not on the submission of the cause argue either orally or in their briefs, and in regard to which the record contains not a syllable of evidence. Though the point had been neither briefed nor argued, we adverted to and disposed of it at the end of the opinion with the observation that, since it appeared without dispute that all of the oil in which plaintiffs had an interest had been extracted in prior years, plaintiffs in 1923 and 1924 had no depletable interest in the oil in place.

Appellants now argue that, since the court has overruled their contention that income from the oil was received in 1921 and 1922, holding that it was not received until 1923 and 1924, it should have allowed them the depletion claimed for the reason that it is net receipts after depletion allowed, and not gross receipts from oil subject to depletion, which is taxable. Lynch v. Alworth-Stephens Co. (C. C. A.) 294 F. 190; Id., 267 U. S. 370, 45 S. Ct. 274, 69 L. Ed. 660; U. S. v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054; Bankers Coal Co. v. Burnet, 287 U. S. 309, 53 S. Ct. 150, 77 L. Ed. 325; Murphy Oil Co. v. Burnet, 287 U. S. 299, 53 S. Ct. 161, 77 L. Ed. ——; Palmer v. Bender, 287 U. S. 551, 53 S. Ct. 225, 77 L. Ed. 489.

Without undertaking to decide whether the principle invoked by appellants applies, under the facts of this case, to permit them to claim in their income returns for 1923 and 1924, deductions for the depletion which actually occurred in the two prior years, we withdraw what we said on that point, for the reason that, the record affording no basis for a depletion allowance in any of the years, the question is not before us. The record discloses that, though appellants first presented their claim before the Commissioner and the Board as one for depletion, they in 1930 in effect abandoned this contention. Putting forward only the claim that the receipts from the oil accrued to them in 1921 and 1922, and were not taxable income in 1923 and 1924, they offered no proof, to support the contention advanced casually and in the alternative in their petition to the Board, that they were entitled to a depletion allowance, or to furnish a basis for the allowance of it to them. Depletion charges permitted as a deduction from the gross income to determine the taxable income from mines for any year represent the reduction in the mineral content of the reserves from which the

production was taken. The amount, the basis, and the apportionment among the taxpayers entitled to it, of the depletion charges allowed, must, in the nature of things, necessarily be an approximation arrived at by a more or less rough estimate. U. S. v. Ludey, 274 U. S. 302, 47 S. Ct. 608, 71 L. Ed. 1054; Murphy Oil Co. v. Burnet, 287 U. S. 299, 53 S. Ct. 161, 77 L. Ed. 318. In each case the Commissioner must, under the facts of that particular case, arrive by approximation at the depletion charges to be allowed to secure to each one interested in the mineral in place, the return of his capital investment. Lynch v. Alworth-Stephens Co., supra; Strother v. Comm. (C. C. A.) 55 F.(2d) 626; Bankers Coal Co. v. Burnet, 287 U. S. 308, 53 S. Ct. 150, 77 L. Ed. 325; Murphy Oil Co. v. Burnet (C. C. A.) 55 F.(2d) 17; Id., 287 U. S. 299, 53 S. Ct. 161, 77 L. Ed. 318.

■ Appellants coming here on an appeal from a finding of the Commissioner denying their claim to depletion, and from an order of the Board affirming that decision, upon a record containing no evidence at all tending to overcome or impeach the correctness of the action, are without standing here to complain of it. The petitions for rehearing are denied.

WALKER, Circuit Judge.

I concur in the denial of the petitions for rehearing. It does not seem to me that there is a lack of justification for the conclusion that the record shows that the rejection of the claims of the appellants with reference to depletion allowances for the years 1923 and 1924 is sustainable on the ground stated in the opinion heretofore rendered. The cases present no question as to any taxes except additional taxes for the years 1923 and 1924. ·One of the grounds on which those additional taxes were challenged was that they should have been reduced by depletion allowances for those years. There was no basis for such allowances in favor of the appellants unless during the years 1923 and 1924 they had an economic interest in the oil in the leased land, a right to share in the oil produced in those years. Palmer v. Bender, 287 U. S. 551, 557, 53 S. Ct. 225, 77 L. Ed. 489. The record distinctly negatives the possession by the appellants in 1923 or 1924 of an interest in the oil remaining in the leased land, in that it shows that what they were entitled to and what they received in 1923 and 1924 was to come, and did come, not from an interest in oil extracted during those years, but from a fund deposited in bank prior to the year 1923. Oil extracted from the leased land in 1923 and 1924 did not contribute to the gross income of appellants during those years. The extraction of oil from that land during those years did not effect a depletion of an oil property in which the appellants then had any interest. The language of the provision (section 214 (a) (10) of the Revenue Act of 1921 [42 Stat. 239]), allowing a deduction from gross income on account of the depletion of an oil property does not indicate that it was contemplated that the taxpayer would have the election to forego his right to an allowance for a depletion of such a property in the year in which the depletion occurred and during which he had an interest in the oil extracted, and to have the amount of such depletion deducted from his gross income in a subsequent year during which he had no interest in that property.