STATE LINE & SULLIVAN RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100121. Promulgated July 29, 1941.

*Anthony Brayton, Esq.*, for the petitioner.
*Charles P. Reilly, Esq.*, and *J. T. Haslam, Esq.*, for the respondent.

ARUNDELL: This proceeding is brought for redetermination of the following income and excess profits tax deficiencies:

| Calendar year | Deficiency | |
|---|---|---|
| | Income tax | Excess profits tax |
| 1930 | $5,478.21 | |
| 1931 | 5,019.09 | |
| 1932 | 5,766.83 | |
| 1933 | 5,440.42 | $1,628.98 |
| 1934 | 1,681.23 | 267.61 |

Portions of the deficiencies for 1932 and 1934 are not disputed. The issue from which the remaining deficiencies arise is whether deductions for obsolescence in each of the taxable years may be allowed for certain railroad properties of the petitioner claimed by it to have become wholly obsolete in 1934. The respondent contends, aside from the merits of this question, that the petitioner is concluded in his claims here by the decision of the District Court in *State Line & Sullivan Railroad* v. *Phillips*, 17 Fed. Supp. 607; affd., 98 Fed. (2d) 651; certiorari denied, 305 U. S. 635, which is alleged to be *res adjudicata* of the issue involved here. The case was submitted under Rule 30 on the stipulation of the parties.

The petitioner during the taxable years was the owner of approximately twenty-four miles of single-track railroad which it had leased in 1884 to an operating company for a term of fifty years. At some time during the year 1930 the petitioner concluded that its lessee would not enter into a renewal of the lease in 1934, due to the decline in freight hauled on the petitioner's road, and that its railroad property would be wholly obsolete in 1934. Accordingly, it filed a claim for refund of tax for the years 1927 to 1929, based on appropriate deductions for obsolescence, under sections 214 (a) and 23 (k) of the Revenue Acts of 1926 and 1928, respectively, which it had not taken in any of these years. In its returns for each of the taxable years before us it took similar deductions for obsolescence. Following is a list of the deductions thus claimed for obsolescence of the railroad property:

| | | | |
|---|---|---|---|
| 1927 | $30,662.37 | 1932 | $65,220.17 |
| 1928 | 32,162.34 | 1933 | 65,220.17 |
| 1929 | 39,541.68 | 1934 | 30,769.23 |
| 1930 | 65,220.17 | | |
| 1931 | 65,220.17 | Total | 394,016.30 |

Both petitioner's claims for refund and its deductions during the taxable year were rejected or disallowed by the Commissioner for failure to show that obsolescence in 1934 was a reasonable certainty

during the years involved. The petitioner thereupon filed suit for refund of 1927 to 1929 taxes, based on these claims, in the District Court of the United States for the Middle District of Pennsylvania. At the trial of this suit it was disclosed that in 1934 the petitioner's lessee made an offer to renew its lease on a yearly basis at one-half the former rental and that petitioner refused this offer; and, further, that both petitioner and its lessee in 1935 made application to the Interstate Commerce Commission to abandon operations on the road, and permission was denied. Judgment of the court was given for the Government on the ground that the proof was that petitioner's railroad was "a commercially useful venture in 1934" and that there was thus no certainty during the years 1927 to 1929 it would be obsolescent in 1934. *State Line & Sullivan Railroad Co.* v. *Phillips,* 17 Fed. Supp. 607. This judgment was affirmed at 98 Fed. (2d) 651, and certiorari was denied by the Supreme Court at 305 U. S. 635.

The contention of the respondent in these circumstances is that petitioner is concluded by the judgment of the District Court, *supra.* The petitioner argues in reply that the former suit is not *res adjudicata* here, since it involved neither (1) the parties nor (2) the issue in these proceedings. These will be considered in order.

(1) Petitioner's first contention is that there is no identity between a collector of internal revenue and the Commissioner or the United States. He argues that a suit for refund is brought against the collector personally and that the judgment therein is satisfied by the United States only if subsequently a certificate is issued by the court stating that the collector acted with reasonable cause or under the authority of the Secretary of the Treasury. It is admitted that judgment in a suit to which the United States or the Commissioner is a party is *res adjudicata* as to the same issues involving the same taxpayer and the collector, since the latter is a subordinate agent of the Commissioner. *Tait* v. *Western Maryland Railway Co.,* 289 U. S. 620; *Sage* v. *United States,* 250 U. S. 33.

The argument of the petitioner has the authority of *Bankers Pocahontas Coal Co.* v. *Burnet,* 287 U. S. 308, in which it was held that the Commissioner of Internal Revenue is not estopped by a judgment rendered in a former suit against the collector, because of the personal nature of the liability of the defendant in the prior proceeding. Some doubt has been cast on the doctrine of this case by *George Moore Ice Cream Co.* v. *Rose,* 289 U. S. 373; see also *Second National Bank* v. *Woodworth,* 66 Fed. (2d) 170; *Anniston Manufacturing Co.* v. *Davis,* 87 Fed. (2d) 773, 779; and in one instance, on the authority of the *Moore* case, *supra,* it has not been followed. *Western Maryland Railway Co.* v. *United States,* 23 Fed. Supp. 554. However, in no later case considered by the Supreme Court has the question here been before the

Court, and in cases subsequent to the *Moore* case, *supra*, the Supreme Court, in considering related questions, has cited with approval its former holding in *Bankers Pocahontas Coal Co.* v. *Burnet, supra;* see *Tait* v. *Western Maryland Railway Co., supra; Sunshine Anthracite Coal Co.* v. *Adkins*, 310 U. S. 381. Accordingly, the earlier decision of the Supreme Court must be regarded as still controlling.

This view is borne out by a recent case decided by the Court of Claims, *Nunnally Investment Co.* v. *United States*, 36 Fed. Supp. 332, in which the question presently before us was considered. It was stated there that the earlier decisions of the Supreme Court, denying *res adjudicata* in this situation, must be regarded still as controlling despite *dictum* in later cases. Certiorari was denied by the Supreme Court in the *Nunnally* case on May 26, 1941. The Circuit Court of Appeals for the Second Circuit has reached a similar conclusion in considering, recently, a related question. *Isabelle Hammond-Knowlton, Administratrix* v. *United States*, 121 Fed. (2d) 192.

In these circumstances, considering the decision of the Supreme Court in *Bankers Pocahontas Coal Co.* v. *Burnet, supra*, and all those cases subsequent to it which have considered this or related questions, it must be concluded that there is no *res adjudicata* in the present case. Accordingly, the petitioner is not concluded by the decision of the District Court and is entitled to present evidence on the merits of the question before us.

In these circumstances it becomes unnecessary to consider the petitioner's second argument.

> *The proceedings will be set for hearing on the merits in due course.*