C. W. Greeson, v. Commissioner.
C. W. Greeson v. Commissioner
Docket No. 4100.
United States Tax Court
1945 Tax Ct. Memo LEXIS 98; 4 T.C.M. (CCH) 823; T.C.M. (RIA) 45267; August 18, 1945
*98 BLACK Order Denying Motion BLACK, Judge: The respondent having filed on August 9, 1945, a "MOTION FOR SPECIAL LEAVE TO FILE MOTION, TO VACATE OPINION AND TO GRANT REHEARING" in the above entitled proceeding, and this motion having been duly considered in a memorandum accompanying this order, it is ORDERED that the said motion filed by the respondent on August 9, 1945 be and the same is hereby denied. Memorandum Accompanying Order BLACK, Judge: On August 9, 1945, the respondent filed a motion for special leave to file a motion to vacate our Memorandum Findings of Fact and Opinion entered on June 1, 1945 [4 TCM 605], and to grant a rehearing. The effect of this motion, if granted, would be to permit the respondent to raise several additional issues. This we do not think he should be permitted to do under the circumstances here present. Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 313; Chiquita Mining Company, Ltd. v. Commissioner, 148 Fed. (2d) 306, 310, and cases cited. The Supreme Court in the Bankers' Pocahontas Coal Co. case, among other things, said: * * * Rule 50 prescribes the procedure for computing the *99 amount of the deficiency after the Board has heard and decided the issues raised and presented on the merits. * * * The Board has held that under the rule new issues may not be raised and urged on a hearing upon the computation. * * * The rule was a proper exercise of the power of the Board to prescribe the practice in proceedings before it. * * * Our Memorandum Findings of Fact and Opinion, entered June 1, 1945, [4 TCM 605], fully considered and disposed of the three issues therein stated, all of which were raised by appropriate assignments of error, and it was stated at the close thereof that "Decision will be entered under Rule 50." Issues 1 and 3 were decided in favor of the respondent. Therefore, no adjustments under Rule 50 are required as to these two issues. As to Issue 2, we held that "petitioner must be sustained in his alternative contention as to this issue." That alternative contention was that petitioner is entitled to depreciation on his own equipment which he contributed to the partnership. It need only be determined, therefore, what equipment petitioner owned and contributed and the extent of his ownership. Since the record contains this information, *100 there is no need for further hearing. Only a recomputation of the deficiencies under Rule 50 is necessary. The details of the "depreciation of $17,552.44" referred to in our report are as follows: Sustained
Property
Cost
Depreciation
5 Euclid dump tractors
and trucks
$69,500.00
13,900.00
1 GMC Truck
540.00
135.00
1 Caterpillar D8 Tractor
& LeTourneau Bull-
dozer
9,116.50
1,215.60
1 Deisel No. 12 Tandem
Drive Motor Grader
6,115.00
815.36
1 Killefer No. 104 Chisel
Cultivator
798.37
106.48
1 A. C. Tractor and Bull
Dozer
6,900.00
1,380.00
Total sustained de-
preciation
$17,552.44
The evidence shows and we find as a fact that petitioner owned 100 percent of the 5 Euclid dump tractors and trucks and the 1 A. C. Tractor and Bull Dozer and 33 1/3 percent of the remaining property. The respondent in his determination allowed petitioner a deduction for depreciation for the year 1941 on account of this property of 1/3 of $17,522.44, or $5,850.82. It follows that petitioner is entitled to deduct the entire depreciation of $13,900 and $1,380 and 1/3 of the balance, or a total depreciation deduction of $16,037.48, which is $10,186.66 more *101 than the respondent has allowed. An order will be issued denying the said motion filed August 9, 1945. It may be noted in passing that petitioner on July 23, 1945 filed his computation and notice under Rule 50 and that on July 26, 1945 the parties were notified by "Notice Under Rule 50" that this proceeding would be called for hearing upon such computation at 9:30 a.m. on September 5, 1945 at the place designated in the said notice. If respondent's computation differs from that already filed by petitioner he should file same prior to the above date.