OPINION. Opper, Judge: Except for the descriptive terms in the documents this case seems to us indistinguishable from Otis A. Kittle, 21 T. C. 79, and William Louis Albritton, 24 T. C. 903. Although the “agreement” here is cast in the form of a sale whereas in the Kittle and Albritton cases the terms used are “lease” and “royalties,” such references as those to the power to enter and remove are common to both transactions.[1] And in substance, the rights and obligations generally of the parties are not different in the three cases. “It is well established * * * that the name used by the parties in describing a contract and payments thereunder, do not necessarily determine the tax consequences of their acts.” Hamme v. Commissioner, (C. A. 4) 209 F. 2d 29, certiorari denied 347 U. S. 954. See also Bankers' Pocahontas Coal Co. v. Burnet, 287 U. S. 308; Palmer v. Bender, 287 U. S. 551. On the authority of Otis A. Kittle, and William Louis Albritton, both supra, accordingly, and without being required to consider the other issues, we conclude that the receipts in controversy were ordinary income. Respondent apparently concedes that in that circumstance petitioner is entitled to a depletion allowance. It was stated at the hearing that this could be disposed of in the recomputation. For that purpose, Decisions toill be entered under Bule 50. Reviewed by the Court. MuRdock, /., dissents. “tlie payments made by the lessee are consideration for the right which he acquires to enter upon and use the land for the purpose of exploiting it, as well as for the ownership of the oil and gas; under both the bonus payments are paid and retained, regardless of whether oil or gas is found, and despite the fact that all which is not abstracted will remain the property of the lessor upon termination of the lease. ******* “Bonus and royalties are both consideration for the lease, and are Income of the lessor. We cannot say that such payments by the lessee to the lessor, to be retained by him regardless of the production of any oil or gas, are any more to be taxed as capital gains than royalties which are measured by the actual production. * * »” Burnet v. Harmel, 287 U. S. 103.