Del **FREUND** and **Maryetta Freund,**
**Plaintiffs-Appellants,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 15636.**

United States Court of Appeals
Seventh Circuit.

Oct. 12, 1966.

---

Jackson L. Boughner, Carl A. Gorski, Chicago, Ill., for plaintiffs-appellants.

Richard M. Roberts, Asst. Atty. Gen., Thomas L. Stapleton, Atty., Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee, Thomas J. Curoe, Asst. U. S. Atty., of counsel.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiffs-appellants, Del Freund and Maryetta Freund,[1] brought suit in the District Court seeking a refund of a portion of income taxes they paid for the years 1960 and 1961. The basis asserted for the claimed refund, in the amount of $9,167.71 plus interest, is that certain income reported in those years by the plaintiffs as ordinary income subject to the statutory depletion allowance should have been reported and taxed at capital gains rates. The cause was heard by the District Court on the pleadings, a stipulation, plaintiffs' answers to interrogatories, and a deposition of the taxpayer. The court, after entering its findings of fact and conclusions of law, entered a judgment for the defendant.

The facts are undisputed and the issue presented for determination by plaintiffs' appeal is whether the court erred in finding and concluding that the income in question, consisting of payments received by the taxpayer from McHenry Sand and Gravel Company, constituted ordinary income rather than capital gain.

The record discloses that in 1960 the taxpayer was the owner of a 100 acre tract of land in McHenry County, Illinois, 70 acres of which contained sand and gravel deposits. During the preceding four year period the taxpayer had operated a sand and gravel business, mining and processing sand and gravel from the premises, but had incurred losses in such operation. In 1960 the taxpayer entered into an agreement with the McHenry Sand and Gravel Company giving the company five years usage of the 70 acres for the mining and processing of sand and gravel, the taxpayer to receive 12 cents per ton on the aggregate materials removed from the premises, and a minimum payment equal to $12,000 per year guaranteed.

The District Court found and concluded that the agreement in question constituted a lease with a retained economic interest in the taxpayer, rather than a sale of the sand and gravel in place, and, thus, the income was subject to ordinary tax rates. We perceive no error, either in fact or law, in this determination. Accordingly, we affirm the judgment order of the District Court.

The capital gains provision of the Internal Revenue Code was adopted to relieve taxpayers from the excessive burdens resulting from gains realized in a lump sum upon the sale or other conversion of a capital investment. Burnet v. Harmel, 287 U.S. 103, 106, 53 S.Ct. 74, 77 L.Ed. 199. The provision, as an exception to the higher normal tax rates, is to be narrowly construed and its application, which is initially limited to the sale or exchange of a capital asset, is to be restricted to transactions in property which are not the normal source of business income. Corn Products Refining Co. v. Commissioner of Internal Revenue, 350 U.S. 46, 76 S.Ct. 20, 100 L.Ed. 29.

Plaintiffs' assertion that the trial court erred is predicated upon two

---

1. The taxpayer's wife Maryetta is a party only by virtue of having filed joint returns with her husband. He will be referred to as "taxpayer".

basic contentions. First, that the agreement effected a sale of all the sand and gravel in place; second, that the guaranteed minimum payment negated any retained economic interest on the part of the taxpayer. But the language of the agreement is couched in the terms of a lease and its provisions contain all the indicia of a lease for a definite term for the purpose of extracting sand and gravel from the premises. Moreover, there is nothing in the record, including the answers to the interrogatories and the deposition of the taxpayer, which indicates any contrary intention of the parties. In this connection we recognize, however, that the form of the agreement is not of itself determinative of the ultimate question here involved. Taxation is a practical matter that looks to the substance of a transaction and not to its formal phraseology or to its legal characterization under local law. Our examination of the authorities cited convinces us that with respect to contracts concerning the extraction of minerals the right to capital gain treatment as opposed to a depletion allowance requires that the facts of the particular transaction be appraised to determine whether the transferor has made an absolute sale or has retained an economic interest. Kirby Petroleum Co. v. Commissioner of Internal Revenue, 326 U.S. 599, 66 S.Ct. 409, 90 L.Ed. 343; Albritton v. Commissioner of Internal Revenue, 5 Cir., 248 F.2d 49. The fact that in addition to payment measured by the quantity of the mineral extracted—an economic interest in production—a bonus is paid or a minimum payment is guaranteed does not suffice to negate the retained economic interest where, as here, income could be derived solely from production to make or offset the required payments, such income was intended to provide the source of such payments, and the deposits the transferee elects not to extract remain in the transferor. Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325; Kittle v. Commissioner, 21 T.C. 79, aff'd per curiam, 229 F.2d 313 (9 Cir.). In our opinion a guaranteed minimum payment coupled with payment measured by production, like a lease bonus coupled with a royalty interest (Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489), is to be treated *in toto* as ordinary income.

The taxpayer did not effect an absolute sale or other conversion of his capital investment. He neither sold nor converted the acreage involved, all of the minerals (sand & gravel) in place, or a specific and designated portion or quantity thereof. Cf. Crowell Land & Min. Corp. v. Commissioner of Internal Revenue, 5 Cir., 242 F.2d 864, 865.

The judgment order of the District Court is affirmed.

Affirmed.