T.C. Memo. 1998-39


UNITED STATES TAX COURT


DAVID DOBRICH AND NAOMI DOBRICH, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 3832-95, 7382-96.      Filed January 29, 1998.


<u>John M. Youngquist</u> and <u>Donald L. Feurzeig</u>, for petitioners.

<u>Daniel J. Parent</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

GERBER, <u>Judge</u>:  The Court filed a Memorandum Findings of
Fact and Opinion in this case (T.C. Memo. 1997-477) on
October 20, 1997, stating that a decision would be entered for
petitioners for 1990 (docket No. 7382-96) and pursuant to Rule

155[1] as to 1989 (docket No. 3832-95).  Respondent filed an unagreed computation for the 1989 taxable year that would result in a $1,032,409 income tax deficiency and a $392,873.13 overpayment after considering payments made after issuance of the notice of deficiency.  Respondent's computation for 1989 would also result in a $774,307 fraud penalty under section 6663.  This opinion addresses the parties' controversy over the computation of the decision(s) to be entered.

Respondent had determined deficiencies in petitioners' 1989 and 1990 Federal income tax in the amounts of $1,111,292 and $1,111,320, respectively, and section 6663(a) civil fraud penalties for 1989 and 1990 of $833,469 and $833,490, respectively.  Respondent determined the income tax deficiency and penalty in the alternative for 1989 or 1990.

The issues we considered were:  (1) Whether petitioners may defer recognition of gain from the disposition of certain real property under section 1031, (2) if the transaction does not qualify for section 1031 exchange, whether petitioners are entitled to report the gain in 1990 under the installment sale method, and (3) whether petitioners are liable for a fraud penalty under section 6663.

---

[1] Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code for the years in issue.

In T.C. Memo. 1997-477, we decided that petitioners were not entitled to defer recognition of gain under section 1031, the gain was recognizable in 1989, petitioners did not qualify for installment sales treatment to place income in 1990, and petitioners were liable for the section 6663 fraud penalty for 1989.

Under Rule 155(a), parties are required to submit "computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency, liability, or overpayment to be entered as the decision."  Parties are not permitted to raise new issues or  matters in connection with the Rule 155 computations.  Bankers Pocahontas Coal Co. v. Burnet, 287 U.S. 308 (1932).  The starting point for the computation is the statutory notice of deficiency from which the parties compute the redetermined deficiency based upon matters agreed by the parties or ruled upon by the Court.  Home Group, Inc. v. Commissioner, 91 T.C. 265, 269 (1988), affd. 875 F.2d 377 (2d Cir. 1989); Whitham v. Commissioner, a Memorandum Opinion of this Court dated Jan. 30, 1953.

Petitioners, in their proffered computation, filed December 11, 1997, objected to respondent's 1989 computation on several grounds.  First, because we found that petitioners' transactions were sales and not like-kind exchanges, they contend that the $3,969,000 of sales proceeds used by respondent should

have been $3,962,764 to reflect $6,236 in selling costs documented in the record.  If we adopt petitioners' approach, the 1989 income tax deficiency would be $1,030,663.  The reduction of the income tax deficiency also causes a reduction in the section 6663 penalty from $774,307 to $772,997.  Support for petitioners' entitlement to a $6,236 reduction is adequately documented in the record and is an integral part of our finding that the transactions in question do not qualify under section 1031.  After considering the parties' proposed computations, our opinion, and the record in these consolidated cases, we hold that petitioners' approach to the computation for the 1989 deficiency and penalty is correct.

In addition, petitioners objected that the $392,873.13 overpayment for 1989 after considering post-notice payments was understated in that petitioners' early December 1997 payment in the amount of $1,323,723 was not considered in respondent's computation.  Following a telephone conference between the Court and the parties, respondent's counsel determined that the $1,323,723 payment had been made by petitioners after respondent's computation had been submitted to the Court and that the overpayment after considering post-notice payments should be increased accordingly.

With respect to the 1990 taxable year, the Court did not request a computation under Rule 155.  Respondent had determined

that the transactions in question were taxable, alternatively, for 1989 or 1990. We decided that 1989 was the year in which the income was to be included, and no computation under Rule 155 was required for 1990 because of our understanding that petitioners would have no deficiency or overpayment for the 1990 year. Petitioners, however, proffered a computation for entry of decision for 1990 reflecting a $20,831 overpayment, which they claim is attributable to additional depreciation that they could have claimed on the acquired properties on the premise that they were purchased, rather than exchanged. Petitioners point out that they were permitted to amend their petition for the 1990 year to claim $75,012 of additional depreciation. Respondent, in turn, answered petitioners' allegation in the amendment to the 1990 petition by admitting that petitioners would be entitled to additional depreciation if the Court determines that "the transaction is taxable in 1990". Respondent, however, denied, for lack of sufficient information, that petitioners were entitled to the amount they had alleged. Petitioners also contend that we held that the period for assessment would be open for the 1990 year due to our finding of fraud for 1990. Under these circumstances, petitioners seek an overpayment for 1990, rather than a "no deficiency, no overpayment" decision.

We find that petitioners are not entitled to an overpayment for their 1990 taxable year. Their amended petition for 1990

sought the $75,012 of additional depreciation only "If the Court concludes that the transaction is taxable in 1990". Additionally, petitioners did not seek an overpayment or refund in their petition, or the amendment thereto, or at any time, until after the Court's issuance of the opinion and request for the computations under Rule 155 for the 1989 year.

Petitioners rely on note 3 in T.C. Memo. 1997-477 in their attempt to show that the 1990 year remained open for their claim of a refund. That footnote contained the following commentary:

> Petitioners had raised the defense that the period for assessment had expired when respondent issued the notice of deficiency for the 1990 year. The 1990 year comes into play in the context of this case if petitioners are entitled to installment sale treatment. In that event respondent would also have the burden of proving that an exception to the general period of limitations applies. Stratton v. Commissioner, 54 T.C. 255, 289 (1970). That question is mooted by our holding that petitioners are not entitled to installment reporting. Even if petitioners had been successful on the installment reporting issue, respondent has carried the burden of showing a fraudulent return, and, therefore, the period for assessment would not have expired prior to issuance of the deficiency notice. Sec. 6501(c)(1).

The footnote is dicta in that its purpose is to consider whether the overall result in these cases would have been different if we found that the installment sales method could have been used. It was not the holding of our opinion and, accordingly, not a predicate for petitioners' argument that the 1990 year is open. There was no need to make a holding on that issue because the sole issue raised for 1990 was mooted by our finding that

petitioners were required to include the income from real property sales for 1989.

Accordingly, petitioners have not shown that the question of an overpayment for 1990 was raised and/or in issue prior to the submission of the Rule 155 computation.  Petitioners' argument that the limitations period is still open within which a refund for 1990 could be claimed falls short of the statutory requirements in several obvious respects.  Petitioners have not shown that they have met the requirements of sections 6501, 6511, or 6512.  We therefore hold that petitioners are not entitled to an overpayment for 1990.

To reflect the foregoing,

<u>Decisions will be entered in accord with this opinion in docket No. 3832-95 and for petitioners in docket No. 7382-96.</u>