T.C. Memo. 1998-299


UNITED STATES TAX COURT


RICHARD J. AND CAROL C. SPERA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 130-97.                    Filed August 18, 1998.



<u>James J. Mahon</u>, for petitioners.

<u>Monica E. Koch</u> and <u>Andrew Mandell</u>, for respondent.



SUPPLEMENTAL MEMORANDUM OPINION

LARO, <u>Judge</u>:  The dispute herein involves the Rule 155 computation mandated by the Court's Memorandum Opinion filed as <u>Spera v. Commissioner</u>, T.C. Memo. 1998-225.  Respondent submitted

---

[*] This opinion supplements our Memorandum Opinion in <u>Spera v. Commissioner</u>, T.C. Memo. 1998-225.

a computation for entry of decision for petitioners' 1989 through 1992 taxable years. Petitioners submitted a computation for 1990 that is different than respondent's computation. We must decide whether constructive distributions received by petitioners in 1990 are nontaxable to them as a return of their basis in a loan that they made to the distributing C corporation. We hold they are not. Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners resided in Northport, New York, when they petitioned the Court.

In Spera v. Commissioner, supra, we held that petitioners received constructive distributions of $27,941, $160,780, $53,001, and $15,585 in 1989 through 1992, respectively, on account of certain building additions that were made by their wholly owned C corporation. We stated that the taxability of these distributions was to be determined by the parties in a Rule 155 computation by applying the rules of section 301(c). Id. We stated that these rules provide that distributions are dividends to the extent of the distributing corporation's earnings and profits, that the amounts received in excess of earnings and profits are a nontaxable return of capital to the extent of the recipient shareholder's basis in his or her stock in the corporation, and that any excess is treated as a gain from the sale or exchange of property. Id.

With respect to the 1990 constructive distributions totaling $162,515 (the $160,780 of constructive distributions mentioned above, plus $1,735 of constructive distributions conceded by petitioners to have been received during that year), the parties agree that none of these distributions is a dividend under section 301(c)(1), and that $50,000 is a nontaxable return of capital under section 301(c)(2) on account of petitioners' $50,000 basis in the stock of the distributing corporation. The parties disagree on the taxability of the remaining distributions totaling $112,515. According to respondent's computation, this amount is taxed to petitioners as a capital gain. According to petitioners' computation, $68,115 is a capital gain and $44,400 is a return of their basis in a loan that they made to the distributing C corporation.

We agree with respondent's computation. As stated in Spera v. Commissioner, supra, the taxability of constructive distributions rests on an application of section 301(c), which provides:

> SEC. 301(c). Amount Taxable.--In the case of a distribution * * *--
>
> (1) Amount constituting dividend.--The portion of the distribution which is a dividend * * * shall be included in gross income.
>
> (2) Amount applied against basis.--That portion of the distribution which is not a dividend shall be applied against and reduce the adjusted basis of the stock.

        (3)  Amount in excess of basis.--

           (A)  * * * that portion of the distribution which is not a dividend, to the extent that it exceeds the adjusted basis of the stock, shall be treated as gain from the sale or exchange of property.

Contrary to petitioners' computation, nothing in these rules allows a recipient shareholder to reduce his or her basis in debt of the recipient C corporation to the shareholder by the amount of the distribution.  Cf. sec. 1367(b)(2) (provides for an adjustment in the basis of any debt of an S corporation to a shareholder).  We decline petitioners' invitation to formulate such a rule.  To the extent that petitioners are impliedly asserting that the $44,000 was a loan repayment as a factual matter, such an assertion is contrary to our finding in the original opinion that the sums in question were constructive distributions in respect of petitioners' stock in the corporation.  Of course, Rule 155 is not a vehicle for reconsideration of that finding.  See Rule 155(c); see also Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308 (1932); Cloes v. Commissioner, 79 T.C. 933 (1982).

    Accordingly,

                       Decision will be entered in accordance with respondent's computation.