T.C. Memo. 2007-370

UNITED STATES TAX COURT

ESTATE OF SYLVIA GORE, DECEASED, PAMELA POWELL,
PERSONAL REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 468-02.                    Filed December 19, 2007.

Paul R. Hodgson, Edith F. Moates, and James E. Poe, for

petitioner.

Elizabeth Downs, for respondent.

_____

[*] This opinion supplements our previously filed opinion in Estate of Gore v. Commissioner, T.C. Memo. 2007-169.

SUPPLEMENTAL MEMORANDUM OPINION

MARVEL, Judge:  Petitioner and respondent filed computations for entry of decision under Rule 155.[1]  We must decide which party's method of computation is appropriate in determining the amount of petitioner's estate tax deficiency.

Background

On June 27, 2007, the Court filed its opinion, Estate of Gore v. Commissioner, T.C. Memo. 2007-169, in this estate tax case and the related gift tax case consolidated therewith, Estate of Gore v. Commissioner, docket No. 467-02 (gift tax case), but withheld entry of decision so that the parties could submit computations under Rule 155.[2]  On September 5 and 7, 2007, respectively, petitioner and respondent filed their computations for entry of decision in this estate tax case.  Because petitioner's and respondent's computations conflicted, we scheduled a hearing on the unagreed Rule 155 computations and ordered the parties to file statements detailing the items of disagreement and the reasons for the dispute.

On October 5, 2007, petitioner filed a detailed statement of the items of disagreement.  Petitioner contends that respondent's

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The parties entered into an agreement resolving the computation of petitioner's gift tax liability, and decision was entered in the gift tax case on Dec. 14, 2007.

Rule 155 computation raises a new issue because it eliminates the $1,183,029 gift tax deduction that respondent allowed in calculating the estate tax deficiency he determined in the September 26, 2001, estate tax notice of deficiency. Petitioner argues that, because respondent did not contest the gift tax deduction before submitting his Rule 155 computation, respondent's attempt to disallow the gift tax deduction raises a new issue, which is prohibited by Rule 155(c).[3] Accordingly, petitioner's Rule 155 computation begins with the deficiency set forth in the September 26, 2001, estate tax notice of deficiency, $1,071,650. From that amount, petitioner subtracts the following:

| | | |
|---|---|---|
| Credit allowed for taxes paid to Oklahoma State as of statutory notice | ($88,737.00) | |
| Total State death tax paid as of 8/28/07 | 284,406.50 | |
| Balance of State death tax credit | 195,669.50 | ($195,669.50) |
| | | |
| Additional expense submitted to IRS and accepted | 296,292.55 | |
| Executors fee paid to Pamela Powell | 20,814.00 | |
| Interest to Oklahoma (negotiated to one-half of billed amount) | 103,812.00 | |
| | | |
| Total additional expenses without Federal interest included | 420,918.55 | |
| | | |
| Tax on above amount at 55 percent | | (231,505.20) |
| | | |
| Balance on tax | | 644,475.30 |

On October 9, 2007, respondent filed his statement regarding the Rule 155 computation dispute. Respondent's computation

---

[3] Rule 155(c) provides that "no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues."

reflects an increased deficiency over the amount determined in the estate tax notice of deficiency because in calculating the estate tax deficiency in the notice, respondent claims, he erroneously allowed a $1,183,029 gift tax deduction.[4]  Respondent argues that no gift tax liability existed because decedent's transfer of the Marital Fund assets to the Gore Family Limited Partnership (GFLP) was incomplete for gift tax purposes. Respondent contends that in Estate of Gore v. Commissioner, T.C. Memo. 2007-169, we held that the alleged transfer did not constitute a gift because decedent did not relinquish control over the Marital Fund assets.  In addition, respondent argues that the decision in the gift tax case, which petitioner stipulated, reflects that petitioner had no gift tax deficiency and provides that all gift tax payments be credited against petitioner's estate tax deficiency.  Removing the gift tax deduction from his computation and incorporating certain credits and deductions claimed by petitioner,[5] respondent determined an

_____

[4] Respondent apparently assumed that the gift tax deficiency that was the subject of the gift tax case would be sustained by this Court and calculated the gift tax deduction accordingly. Though the deduction has turned out to be erroneous, at the time of its allowance it was consistent with respondent's position in the gift tax case.  It seems that respondent's error, if he committed any, was in not taking an inconsistent position in the estate tax case to protect the revenue.

[5] In his determination, respondent found that petitioner had not substantiated the $20,814 claimed as executor's fees or $55,000 of the $284,406.50 petitioner claimed as death taxes paid
(continued...)

estate tax deficiency of $1,361,004.03. Respondent, however, limited the deficiency asserted in his Rule 155 computation to $1,071,650, the amount determined in the estate tax notice of deficiency.

On October 15, 2007, we conducted a hearing on the Rule 155 computation issue. Counsel for both parties appeared and were heard. At the hearing, respondent's counsel conceded deductions by petitioner for the $20,814 in executor's fees, the additional $55,000 in Oklahoma estate taxes, and $12,495 in attorney's fees. The only remaining issue is whether the erroneous gift tax deduction allowed in the September 26, 2001, estate tax notice of deficiency should be included in the Rule 155 computation of petitioner's estate tax deficiency.

## Discussion

Under Rule 155(a), after the Court files its opinion determining the issues in a case, the Court may withhold its decision to allow the parties to submit computations of the correct amount of the taxpayer's deficiency to be entered as the decision pursuant to the findings and conclusions of the Court. If the parties disagree on the amount of the deficiency to be entered as the decision, either or both of them may file a computation of the deficiency they believe to be in accordance

---

[5](...continued)
to the State of Oklahoma.

with the findings and conclusions of the Court.  At the Court's discretion, the parties may then be given an opportunity to be heard in argument thereon, and the Court will determine the correct deficiency.  Rule 155(b).  However, parties may not raise new issues or matters in their Rule 155 computations.  See supra note 3; see also Rule 155(c); Bankers Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 312 (1932).  The starting point for the computation is the notice of deficiency from which the parties compute the redetermined deficiency on the basis of matters agreed to by the parties or determined by the Court.  See Home Group, Inc. v. Commissioner, 91 T.C. 265, 269 (1988), affd. 875 F.2d 377 (2d Cir. 1989).

Petitioner contends that the issue regarding the gift tax deduction is a new issue which respondent may not assert in his Rule 155 computation.  Respondent concedes that he failed to recognize his computational error in the notice of deficiency and that he failed to plead an increased deficiency during litigation.  Nevertheless, respondent argues that the question of whether decedent's transfer of the Marital Fund assets to GFLP constituted a completed transfer for gift tax purposes was directly at issue in this estate tax case and in the gift tax case.

We agree with respondent.  While the notice of deficiency serves as a starting point for the Rule 155 computation, the

parties must compute the deficiency on the basis of the matters decided by the Court.  See id.  Petitioner cannot reasonably contend that the validity of the alleged transfer giving rise to the gift tax deduction was not at issue.  At trial, petitioner asserted various arguments relating to the transfer of assets to GFLP, but we ultimately held that decedent did not complete the transfer as claimed.  Because the attempted transfer of the Marital Fund assets to GFLP was not completed and did not constitute a gift, a gift tax liability attributable to the transfer of Marital Fund assets did not arise, and no gift tax deduction is warranted.  In the gift tax case, petitioner acknowledged this result by entering into an agreement recognizing that petitioner was not liable for any gift tax deficiency and crediting all gift taxes paid against petitioner's estate tax deficiency.  The allowance of a gift tax deduction for $1,183,029 would not reflect the findings of the Court in this estate tax case or result in a correct computation of petitioner's estate tax deficiency.

Respondent's computation incorporates the parties' stipulations and the findings of the Court and accounts for the appropriate credits and deductions claimed and substantiated by

petitioner.[6]  Consequently, we adopt respondent's computation and conclude that petitioner's estate tax deficiency is $1,071,650.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>in accordance with respondent's</u>

<u>computation</u>.

---

[6] Although respondent conceded several credits and expenditures at the Oct. 15, 2007, hearing that he did not include in his initial Rule 155 computation, we note that whether or not respondent takes these additional expenses into account is irrelevant because the resulting estate tax deficiency would still exceed $1,071,650.