**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAMELA POWELL, as Personal
Representative of the Estate of Sylvia
Gore (Deceased),

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 08-9005

---

**APPEAL FROM THE UNITED STATES TAX COURT**
**(T.C. NO. 468-02)**

---

Edith Moates, Norman, Oklahoma, for Petitioner–Appellant.

Patrick J. Urda, Attorney, Tax Division, United States Department of Justice (Nathan J. Hochman, Assistant Attorney General, and Richard Farber, Attorney, Tax Division, United States Department of Justice, with him on the brief), Washington, D.C., for Respondent–Appellee.

---

Before **BRISCOE**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

**HOLLOWAY**, Circuit Judge.

---

In this appeal, a taxpayer seeks the reversal of the Tax Court Judge's post-trial decision to adopt the Commissioner of Internal Revenue's computation of the taxpayer's estate tax deficiency rather than the taxpayer's own computation.

In late 2001, the Internal Revenue Service issued estate and gift tax notices of deficiency to the Estate of Silvia Gore, and the Estate soon filed petitions in the United States Tax Court challenging both deficiencies. Following the issuance of her post-trial opinion, the Tax Court Judge permitted both parties to submit computations of the proper amount of the estate tax deficiency under Tax Court Rule 155. The parties' Rule 155 computations conflicted. The Estate argued that the Commissioner's computation (1) raised a "new issue" (a practice prohibited under Rule 155), and (2) used an improper method to compute the deficiency. The Tax Judge adopted the Commissioner's computation. *Estate of Gore v. Comm'r*, T.C. Memo 2007-370, at 7-8.

The Estate now appeals, reasserting both of the contentions rejected by the Tax Court Judge. Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we find no abuse of discretion in the Tax Court Judge's adoption of the Commissioner's Rule 155 computation of the deficiency, and we therefore **AFFIRM**.

## I. BACKGROUND

In late 2001, the Internal Revenue Service issued notices of estate and gift tax deficiency to the Estate of Sylvia Gore. R., Vol. I, Doc. 17, at 2 (Stipulation of Facts). In the gift tax deficiency notice, the IRS determined that Mrs. Gore had

indirectly made a gift by transferring assets from a trust to a family partnership. R., Ex. 3-J, at 5 (Gift Tax Deficiency Notice). In the alternative, the IRS determined revised fair market values for gifts of partnership interests in the family partnership. *Id.* The fair market value of those partnership interests was based on the value of the assets the IRS determined were transferred from the trust to the family partnership. *Id.*; *Estate of Gore v. Comm'r*, T.C. Memo 2007-169, at 36. The gift tax notice accordingly calculated a total gift tax of $1,183,029 for the 1997 tax year. R., Ex. 3-J, at 1, 8 (Gift Tax Deficiency Notice).

In a separate estate tax deficiency notice, the IRS included a $1,183,029 reduction to the tentative estate tax for "aggregate gift taxes payable (after Dec. 31, 1976)." R., Vol. I, Doc. 1, Ex. A, at 8 (Estate Tax Deficiency Notice). Accordingly, the Commissioner determined an estate tax deficiency of $1,071,650. *Id.* at 4.

Shortly after receiving both notices of deficiency, the Estate petitioned the United States Tax Court for a redetermination of the deficiencies. R., Vol. I, Doc. 17, at 2–3 (Stipulation of Facts). The Tax Court Judge consolidated the estate and gift tax cases for trial and opinion. R., Vol. I, Doc. 5, at 1 (Motion to Consolidate). In her opinion, the Tax Court Judge decided a number of issues. For our purposes it is sufficient to note that in her opinion, with regard to the trust and family partnership mentioned in the gift tax deficiency notice, the Tax Court Judge explained that the family partnership was to be largely funded with assets withdrawn from that trust, but concluded that Mrs. Gore failed to complete any transfer of the

assets contained within the trust to the family partnership. *Estate of Gore*, T.C. Memo 2007-169, at 19, 47–48, 58.

Following the issuance of her opinion, the Tax Court Judge ordered the parties to submit computations under Tax Court Rule 155. The Tax Court may conduct proceedings under Rule 155 to allow the parties to submit computations pursuant to the Tax Court's determination of the issues, showing the correct deficiency amount. *See LeFever v. Comm'r*, 100 F.3d 778, 791 n.6 (10th Cir. 1996) (citing Tax Ct. R. 155). The parties submitted conflicting Rule 155 computations. R., Vol. III, Doc. 33 (Petitioner's Computation for Entry of Decision); R., Vol. III, Doc. 34 (Respondent's Computation for Entry of Decision).

The Commissioner's computation began with the taxable estate amount contained in the estate tax deficiency notice, and then made adjustments to that amount. R., Vol. I, Doc. 1, Ex. A, at 8 (Estate Tax Deficiency Notice); R., Vol. III, Doc. 34, at 6 (Respondent's Computation for Entry of Decision). The Commissioner's computation also eliminated the $1,183,029 reduction to the tentative estate tax for "aggregate gift taxes payable (after Dec. 31, 1976)." R., Vol. III, Doc. 34, at 6 (Respondent's Computation for Entry of Decision). The Commissioner's computation computed an estate tax deficiency of $1,361,004, but the Commissioner limited the assessed deficiency to $1,071,650–the deficiency amount in the estate tax deficiency notice. *Id.* at 4.

The Estate asserted that the elimination of the reduction to the tentative estate

tax constituted a "new issue" under Rule 155. R., Vol. III, Doc. 36, at 2–3 (Detailed Statement of Items of Disagreement). Moreover, the Estate asserted, the deficiency was limited to the maximum of $1,071,650, less credits and deductions referenced in the Tax Court Judge's opinion. *Id.* at 1. Therefore, the Estate computed the deficiency by starting with the deficiency amount in the estate tax deficiency notice, and then subtracted deductions and credits from that amount. *Id.* at 2.

A Rule 155 hearing was then held. R., Vol. III, Doc. 40 (Rule 155 Hearing Transcript). The Estate agreed that, but for the fact that it was allowed in the estate tax deficiency notice, the estate was not entitled to the $1,183,029 reduction to the tentative estate tax for "aggregate gift taxes payable (after Dec. 31, 1976)." *Id.* at 15. In a supplemental opinion, the Tax Court Judge concluded that a "new issue" had not been raised, and adopted the Commissioner's Rule 155 computation. *Estate of Gore v. Comm'r*, T.C. Memo 2007-370, at 6–7.

## II. DISCUSSION

We review the Tax Court's Rule 155 computations for an abuse of discretion. *See JPMorgan Chase & Co. v. Comm'r*, 530 F.3d 634, 638 (7th Cir. 2008); *Chimblo v. Comm'r*, 177 F.3d 119, 127 (2d Cir. 1999); *Erhard v. Comm'r*, 46 F.3d 1470, 1479 (9th Cir. 1995); *Chilingirian v. Comm'r*, 918 F.2d 1251, 1255 (6th Cir. 1990); *Molasky v. Comm'r*, 897 F.2d 334, 338 (8th Cir. 1990); *Knowlton v. Comm'r*, 791 F.2d 1506, 1511 (11th Cir. 1986); *see also Bankers' Pocahontas Coal Co. v. Burnet*, 287 U.S. 308, 312–13 (1932) (reviewing a decision applying Rule 155's

predecessor).

The Estate seeks the reversal of the Tax Court Judge's adoption of the Commissioner's Rule 155 computation for two principal reasons. First, the Estate asserts that the Commissioner's elimination of the reduction to the tentative estate tax for "aggregate gift taxes payable (after Dec. 31, 1976)" constituted a "new issue" that the Tax Court Judge was prohibited from addressing under Rule 155.

Second, the Estate challenges the method by which the Commissioner computed the Rule 155 estate tax deficiency. The Estate asserts that the Commissioner never moved to increase the deficiency beyond the amount sought in the notice of deficiency. Therefore, the Estate argues, a proper Rule 155 computation was required to begin with the deficiency amount in the estate tax deficiency notice, and then be reduced by credits and deductions referenced in the Tax Court Judge's opinion. We reject both arguments[1] of the Estate.

## A. "New Issue" Under Tax Court Rule 155

Tax Court Rule 155(c) provides:

> Any argument under this Rule will be confined strictly to consideration of the correct computation of the amount to be included in the decision resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or *to any new issues*. This Rule is not to be regarded as affording an opportunity

_____

[1]The Estate also seeks a remand to the Tax Court for a redetermination of estate administration expenses in the event it prevails on either of its two primary issues. *See* Appellant's Br. at 22–24. Because we affirm on both issues, a remand is unnecessary.

for retrial or reconsideration.

Tax Ct. R. 155(c) (emphasis added).

Here, we discern no abuse of discretion in the Tax Court Judge's adoption of a Rule 155 computation that eliminated the $1,183,029 reduction to the tentative estate tax for "aggregate gift taxes payable (after Dec. 31, 1976)." The Tax Court Judge's pre-Rule 155 opinion required the parties to revise the "aggregate gift taxes payable (after Dec. 31, 1976)" figure in their Rule 155 computations.

The $1,183,029 reduction for "aggregate gift taxes payable (after Dec. 31, 1976)" finds its genesis in the gift tax deficiency notice, which calculated a total gift tax for the 1997 tax year of $1,183,029. That total gift tax of $1,183,029 was computed on the basis of two alternative gifts: (1) an indirect gift of trust assets through the transfer of those trust assets to a family partnership, or (2) gifts of partnership interests in that family partnership, the fair market value of which was based on the value of the trust assets transferred to the family partnership.

However, the Tax Court Judge's determination in her pre-Rule 155 opinion that no transfer of trust assets had been made to the family partnership effectively determined that neither of the two above gifts had been made. With no transfer of trust assets there could be no indirect gift of trust assets. *See* 26 U.S.C. § 2501 ("A tax . . . is hereby imposed . . . on the transfer of property by gift . . . ." (emphasis added)). Nor would the family partnership interest gifts have any value, as the value of those interests was based on the value of the trust assets that the Tax Court Judge

-7-

determined had not been transferred to the partnership. Therefore, the Tax Court Judge's pre-Rule 155 opinion would have required the total gift tax of $1,183,029 to be recalculated. As noted above, the "aggregate gift taxes payable (after Dec. 31, 1976)" figure in the estate tax deficiency notice was based on the total gift tax figure in the gift tax deficiency notice. Therefore, the "aggregate gift taxes payable (after Dec. 31, 1976)" figure was likewise required to be recalculated in the parties' Rule 155 computations. *See* Tax Ct. R. 155(a) ("Where the [Tax] Court has filed or stated its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations *pursuant to the Court's determination of the issues . . . .*" (emphasis added)). The Commissioner's Rule 155 computation did so.

Moreover, while the Estate challenges the ability of the Commissioner to adjust the "aggregate gift taxes payable (after Dec. 31, 1976)" figure, it does not otherwise challenge the Commissioner's computation of that item. In fact, the Estate conceded during the Rule 155 hearing that, aside from its inclusion in the estate tax deficiency notice, it was not entitled to any "aggregate gift taxes payable (after Dec. 31, 1976)" reduction to its estate tax. Therefore, we find no abuse of discretion in the adoption of the Commissioner's Rule 155 revised computation of that figure.

## B. Method of Rule 155 Calculation

The Estate further challenges the method by which the Commissioner computed the Rule 155 deficiency. The Estate observes that the Commissioner never

moved to increase the deficiency beyond the amount sought in the estate tax deficiency notice. Therefore, the Estate argues, a proper Rule 155 computation must begin with the deficiency amount in the estate tax deficiency notice and then subtract credits and deductions referenced in the Tax Court Judge's opinion. We disagree.

Rule 155 provides:

> Where the Court has filed or stated its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount to be included in the decision. . . . If, however, the parties are not in agreement as to the amount to be included in the decision in accordance with the findings and conclusions of the Court, then either of them may file with the Court a computation of the amount believed by such party to be in accordance with the Court's findings and conclusions.

Tax Ct. R. 155(a)–(b).

"[T]he 'starting point for the [Rule 155] computation is the statutory notice of deficiency from which the parties compute the redetermined deficiency based upon matters agreed by the parties or ruled upon by the Court.'" *See JPMorgan Chase & Co.*, 530 F.3d at 638 (quoting *Home Group v. Comm'r*, 91 T.C. 265, 269 (1988)). Moreover, 26 U.S.C. § 6214(a) grants the Tax Court jurisdiction to determine a deficiency amount greater than that contained in the deficiency notice only if the Commissioner has timely sought that greater amount. *See* 26 U.S.C. § 6214(a).

Here, we conclude that the Tax Court Judge did not abuse her discretion when she adopted the Commissioner's Rule 155 computation. In the Tax Court, the

Commissioner did not timely seek an increased deficiency over the deficiency in the estate tax deficiency notice. In this circumstance, the Estate argues that the Rule 155 computation must begin with the deficiency *amount* in the deficiency notice, and that amount is then reduced by credits and deductions from the Tax Court Judge's opinion. However, the Estate provides no authority for that proposition. Section 6214(a) limits the power of the Tax Court to determine a deficiency amount greater than that contained in the deficiency notice. However, it does not prescribe the method of computing a deficiency amount that falls within the Tax Court's jurisdiction. *See Villarreal v. Comm'r*, T.C. Memo 1998-420, at 21 n.4 ("If, under a Rule 155 computation, the recomputed deficiencies are in excess of those set forth in the notices of deficiency for the [relevant] tax year, [the Commissioner] is limited to the deficiencies set forth in the separate notices of deficiency because [the Commissioner] failed to plead any increased deficiencies.").

Moreover, the Estate's proposed method of computing the deficiency would have failed to produce a deficiency amount "in accordance with the findings and conclusions of the [Tax Court]." *See* Tax Ct. R. 155(b). The Tax Court Judge determined that no transfer of trust assets had been made to the family partnership. As explained above, that decision necessitated a recalculation of the "aggregate gift taxes payable (after Dec. 31, 1976)" amount of $1,183,029. *See* Part II.A, *supra*. However, the Estate's Rule 155 computation fails to recalculate that figure. Rather, the Estate's Rule 155 computation begins with the $1,071,650 deficiency amount

-10-

from the estate tax deficiency notice. And that deficiency amount was computed using an "aggregate gift taxes payable (after Dec. 31, 1976)" reduction of $1,183,029, as originally listed in the estate tax deficiency notice. Therefore, the Tax Court Judge did not abuse her discretion by adopting the Commissioner's Rule 155 computation.

## III. CONCLUSION

The Tax Court Judge did not abuse her discretion by adopting the Commissioner's Rule 155 computation. Therefore, the decision is **AFFIRMED**.