**Stanley H. KLARKOWSKI et al.,**
**Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 15750–15753.**

United States Court of Appeals
Seventh Circuit.

Sept. 13, 1967.

Jackson L. Boughner, Carl A. Gorski, Chicago, Ill., for petitioners.

Stuart A. Smith, Mitchell Rogovin, Department of Justice, Washington, D. C., Lee A. Jackson, Harold C. Wilkenfeld, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and KNOCH and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Consolidated proceedings in the tax court involved income tax liability of petitioner-taxpayers Klarkowski and Thomas and their wives, as well as others, for the years 1957 to 1962, inclusive. The tax court decided a number of issues, but only three are contested on this review.

The first issue was referred to in the tax court memorandum decision as "Issue 1. Real Estate Transactions (a) Sale of Lots in Robinhood Ranch Development—Hinsdale, Ill." Messrs. Klarkowski and Thomas and another were interested as joint venturers in Robin Hood Ranch Subdivision. Six lots in the subdivision were sold at a profit in the years in question. The issue is whether these lots were capital assets or "property held by the taxpayer primarily for sale to customers in the ordinary course

of his trade or business."[1] The tax court found these lots were in the latter category.

The second issue was referred to by the tax court as "Issue 1. * * * (b) Sale of Lots in Glenview Woodlands (Southern Tract)." The same group sold at a profit 418 lots in Glenview Woodlands subdivision in the years in question. The question with respect to these lots was the same and the tax court made the same finding.

The third issue was referred to by the tax court as "Issue 2. Deductibility of Payment Made in Settlement of Bankruptcy Controversy." Mr. Thomas filed a voluntary petition in bankruptcy in 1936, was adjudicated a bankrupt, and discharged. In 1948 the assignees of two creditors sought to reopen the bankruptcy proceeding, alleging that Thomas had failed to list certain assets. In 1959, Mr. Thomas agreed to a settlement, and paid a total of $25,000 in the years in question to fulfill the agreement. It is apparently agreed that $2,071.97, representing costs, paid to the assignees who reopened the case, was deductible. Thomas claims that the balance, paid to the bankruptcy trustee, was also deductible, in the years of payment, he being a cash basis taxpayer. The tax court decided, however, that Thomas had failed to prove that the bankruptcy claims were of a character such that he would be entitled to deduct the amount paid thereon.

■■■ The facts and the reasoning applied sufficiently appear in the memorandum decision of the tax court.[2] No error of law is reflected in the decision, and the findings of fact are not clearly erroneous. Therefore we adopt that opinion on the issues argued here, with the following observations:

1. Malat v. Riddell[3] was decided by the Supreme Court of the United States after the decision of the tax court in the instant case. The Supreme Court held that "primarily," as used in sec. 1221 (1), 26 U.S.C. means "of first importance" or "principally."

■■■ The tax court opinion acknowledges that petitioners bought the Robin Hood Ranch property "with the intent of choosing lots for their own homes and subdividing and improving the remainder of the property for the purpose of selling the lots at a profit." Petitioners argue that the tax court thus made a finding that they had two purposes in the original acquisition, but failed to consider which was the purpose of first importance. The principal purpose at the time of acquisition is not necessarily a controlling factor in determining the principal purpose or purpose of first importance of the holding at the time of sale.

The tax court did expressly find that the lots sold in the years in question were held primarily for sale to customers in the ordinary course of business. It also expressly rejected the contention "that the property was initially acquired for the purpose of providing personal residences for the three partners, and that it was only later that they decided to liquidate their holding because they had obtained more land than required for that purpose."

We think it clear, from the entire opinion on this issue, that the tax court finding of primary purpose was consistent with the *Malat* definition of "primarily."

2. After the tax court reached its decision, Thomas made a motion for reconsideration and revision on the new ground that part of the amount paid in settlement of the reopened bankruptcy case should have been deductible as interest.

The only showing that any part of the settlement payment represented interest was a letter to Thomas from his attorney, recommending the settlement. The attorney indicated that his recommenda-

1. 26 U.S.C.A. § 1221(1).

2. T.C.Memo. 1965–328, 24 T.C.M. 1827 (1965).

3. 383 U.S. 569, 86 S.Ct. 1030, 16 L.Ed.2d 102 (1966).

tion was based on a computation that "in any event" Thomas would be liable for $13,000 as of 1941, plus interest thereon, totalling $11,700. Although these figures totalled $24,700, they were included in the settlement at $22,928.03.

Questions of competency and the like aside, the letter falls somewhat short of a clear showing that the payment represented a liquidated debt plus a specific amount of interest, and the contention is an afterthought.

■■ The motion to reconsider and revise is addressed to the sound discretion of the tax court and a denial of such motion will not be reversed on appeal in the absence of extraordinary circumstances.[4] We find no abuse of discretion here.

The decision of the tax court is affirmed.

---

4. Bankers Pocahontas Coal Co. v. Burnet (1932), 287 U.S. 308, 313, 53 S.Ct. 150, 77 L.Ed. 325; Arc Realty Co. v. Com-

missioner (8th Cir. 1961), 295 F.2d 98, 107.