**Robert K. & Dawn E. LOWRY, Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 04–71950.

IRS No. 11579–00.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2006.*

Decided Feb. 22, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John M. Lemmon, Esq., Wexford, PA, for Petitioner–Appellant.

Benjamin C. Sanchez, Regional Counsel, San Francisco, CA, Emily Ann Parker, Esq., Acting Chief Counsel Internal Revenue Service, Eileen J. O'Connor, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before HALL, SILVERMAN, and GRABER, Circuit Judges.

## MEMORANDUM **

Robert and Dawn Lowry appeal the tax court's ruling affirming tax deficiencies and penalties assessed by the Commissioner for tax years 1994 and 1995. In particular, they appeal: 1) the tax court's ruling that they must report 26 U.S.C. § 1231 gain from a property conveyance by Robert Lowry's partnership in 1994 rather than in 1993 and 2) the tax court's affirmance of 26 U.S.C. § 6662(a) accuracy penalties for underpayment of taxes in 1994 and 1995. We have jurisdiction pursuant to 26 U.S.C. § 7482 and affirm.

We review de novo the tax court's conclusions of law. *Baizer v. Comm'r*, 204 F.3d 1231, 1233–34 (9th Cir.2000). We review for clear error the tax court's factual findings regarding accuracy penalties. *Custom Chrome, Inc. v. Comm'r*, 217 F.3d 1117, 1121 (9th Cir.2000).

■ The parties submitted this case to the tax court on stipulated facts, and we do not repeat them here. The tax court correctly held that the Fitch property transaction closed in 1994 and therefore that the resulting gain was recognizable in that year. Under California law, mere delivery of an instrument in escrow does not convey title. *In re Chrisman*, 35 F.Supp. 282, 283 (S.D.Cal.1940). Rather, title does not pass until the terms of the escrow are satisfied. *See* Cal. Civ.Code § 1057 ("A grant may be deposited by the grantor with a third person, to be delivered on performance of a condition, and, *on delivery by the depositary, it will take effect.*") (emphasis added). We reject the Lowrys' unsupported argument that the escrow at First Ameri-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

can was somehow not a true escrow. Given the uncontroverted evidence that escrow closed and First American recorded the deed on May 27, 1994, the tax court correctly held that the property was conveyed on that date and that the Lowrys should have recognized and reported their 26 U.S.C. § 1231 gain in 1994.

■ Regarding the imposition of accuracy-related penalties, the record supports the tax court's ruling that the Lowrys do not qualify for the reasonable cause and good faith exceptions to penalties for substantial underpayment. *See* 26 U.S.C. § 6662(a); 26 U.S.C. § 6664(c). The partnership's own lawyer requested that First American wait to close escrow until tax year 1994 and the partnership submitted an amended Form 1065 tax return stating that the property transfer had occurred in 1994. Despite their claim of reliance on professional advice, the Lowrys failed to report the transaction in *either* 1993 *or* 1994. Ample evidence supports the tax court's conclusion that the Lowrys did not act with reasonable cause and in good faith in substantially understating their tax liability for 1994 and 1995.

AFFIRMED.