LAW OFFICE OF JOHN H. EGGERTSEN P.C., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT*

Docket No. 15479–11.　　　　Filed October 1, 2014.

R filed a motion for reconsideration of findings or opinion in *Law Office of John H. Eggertsen P.C. v. Commissioner*, 142 T.C. 110 (2014) (*Eggertsen I*), and a motion to vacate decision (collectively, R's motions). In *Eggertsen I*, we addressed whether I.R.C. sec. 4979A(a) imposes a Federal excise tax (excise tax) on P for its taxable year 2005. We held that it does. We also addressed in *Eggertsen I* whether the period of limitations for assessing that tax has expired (statute of limitations issue). It was R's position with respect to the statute of limitations issue in *Eggertsen I* that I.R.C. sec. 4979A(e)(2)(D), not I.R.C. sec. 6501, controls resolution of that issue. In *Eggertsen I*, we accepted that position. We held that the period of limitations under I.R.C. sec. 4979A(e)(2)(D) for assessing the excise tax that I.R.C. sec. 4979A(a) imposes on

*This Supplemental Opinion supplements *Law Office of John H. Eggertsen P.C. v. Commissioner*, 142 T.C. 110 (2014).

petitioner has expired. It is R's position in R's motions that I.R.C. sec. 6501, not I.R.C. sec. 4979A(e)(2)(D), controls resolution of the statute of limitations issue. According to R, because P did not file Form 5330, Return of Excise Taxes Related to Employee Benefit Plans, or any other document that qualifies as a return for I.R.C. sec. 4979A(a) excise tax purposes within the meaning of I.R.C. sec. 6501(a), I.R.C. sec. 6501(c)(3) permits R to assess at any time the excise tax that I.R.C. sec. 4979A(a) imposes on P. *Held*: Upon reconsideration of the statute of limitations issue in *Eggertsen I*, I.R.C. sec. 6501, not I.R.C. sec. 4979A(e)(2)(D), controls resolution of that issue because P did not file Form 5330 or any other document that qualifies as a return for I.R.C. sec. 4979A(a) excise tax purposes within the meaning of I.R.C. sec. 6501(a). I.R.C. sec. 4979A(e)(2)(D) serves only to extend under the circumstances set forth therein the period of limitations prescribed by I.R.C. sec. 6501. *Held*, *further*, the excise tax that I.R.C. sec. 4979A(a) imposes on P for its taxable year 2005 may be assessed at any time under I.R.C. sec. 6501(c)(3).

*Stephen Wasinger*, for petitioner.

*David S. Weiner*, *John W. Stevens*, and *Shawn P. Nowlan*, for respondent.

### SUPPLEMENTAL OPINION

CHIECHI, *Judge*: This case is before us on respondent's motion for reconsideration of findings or opinion (respondent's motion for reconsideration) and respondent's motion to vacate decision (respondent's motion to vacate).[1] We shall grant respondent's motions.

### *Background*

We incorporate herein by reference the facts set forth in *Law Office of John H. Eggertsen P.C. v. Commissioner*, 142 T.C. 110 (2014) (*Eggertsen I*).[2] We repeat here only those facts relevant to this Supplemental Opinion.

---

[1] Respondent filed a memorandum (respondent's memorandum) in support of respondent's motion for reconsideration. (We shall refer collectively to respondent's motion for reconsideration, respondent's motion to vacate, and respondent's memorandum as respondent's motions). Petitioner filed a response to each of respondent's motion for reconsideration and respondent's motion to vacate, and respondent filed a reply to each of those responses.

[2] The parties stipulated all of the facts in *Law Office of John H. Eggertsen P.C., v. Commissioner*, 142 T.C. 110 (2014), and submitted the case under Rule 122, Tax Court Rules of Practice and Procedure.

At all relevant times, 100% of the stock of petitioner was allocated to John H. Eggertsen under an employee stock ownership plan that petitioner, an S corporation, maintained (ESOP in question).

Around April 26, 2006, petitioner filed Form 1120S, U.S. Income Tax Return for an S Corporation, for its taxable year 2005 (2005 Form 1120S). Petitioner attached to that form Schedule K–1, Shareholder's Share of Income, Deductions, Credits, etc.

In petitioner's 2005 Form 1120S, petitioner showed, inter alia, that during 2005 the ESOP in question owned 100% of the stock of petitioner.

On a date not established by the record during 2006, the ESOP in question filed Form 5500, Annual Return/Report of Employee Benefit Plan (employee benefit plan 2005 annual return), for its taxable year 2005. The ESOP in question attached to that form Schedule E, ESOP Annual Information. The ESOP in question also attached to the employee benefit plan 2005 annual return Schedule I, Financial Information— Small Plan, and Schedule SSA, Annual Registration Statement Identifying Separated Participants With Deferred Vested Benefits.

In the employee benefit plan 2005 annual return, the ESOP in question showed that (1) its effective date was January 1, 1999; (2) it was maintained by petitioner during 2005; (3) it had three participants during 2005, two of whom were not identified and were described as "Active participants" and one of whom was identified as Kerry C. Duggan and described as "Other retired or separated participants entitled to future benefits"; (4) it held assets at the end of 2005 valued at $401,500; and (5) its assets consisted exclusively of "Employer securities".

On a date not established by the record, the ESOP in question filed an amended Form 5500 (amended employee benefit plan 2005 annual return) for its taxable year 2005. The ESOP in question attached to that form Schedule I.

In the amended employee benefit plan 2005 annual return, the ESOP in question showed information that was identical in most respects to the information that it had showed in the employee benefit plan 2005 annual return, except that (1) the ESOP in question did not identify in the amended employee benefit plan 2005 annual return the individual described in

that return as "Other retired or separated participants enti-
tled to benefits" and (2) the ESOP in question showed in the
amended employee benefit plan 2005 annual return that it
held assets at the end of 2005 valued at $868,833, which
included "Employer securities" valued at that yearend at
$401,500.

Petitioner did not file Form 5330, Return of Excise Taxes
Related to Employee Benefit Plans, for its taxable year 2005.
Respondent filed a substitute for Form 5330 for petitioner for
that taxable year.

In *Eggertsen I*, we addressed whether section 4979A(a)[3]
imposes a Federal excise tax (excise tax) on petitioner for its
taxable year 2005. We held that it does. We also addressed
in *Eggertsen I* whether the period of limitations for assessing
that tax has expired (statute of limitations issue). In
*Eggertsen I*, it was respondent's position that section
4979A(e)(2)(D), not section 6501, controls resolution of the
statute of limitations issue. On brief, respondent argued in
*Eggertsen I*:

> I.R.C. § 6501(a) is not the governing period of limitations under the facts
> of this case. By its terms * * * I.R.C. § 4979A(e) (2) (D) is the applicable
> statute of limitations in this case.[4]
>
> The specific triggering requirement to begin the running of the statute
> under the circumstances of this case is the later of the date of the alloca-
> tion or ownership at issue or the date when the taxpayer provides
> notification to the respondent of the ownership or allocation at issue.
> I.R.C. § 4979A(e) (2) (D).
>
> By contrast, the event that triggers the running of I.R.C. § 6501 is the
> filing of an original return. I.R.C. § 6501(a); *See also*, *Beard v. Commis-*
> *sioner*, 82 T.C. 766, 780 (1984). This specific triggering device (i.e. the
> filing of a return) was not incorporated into I.R.C. § 4979A.
>
> [4]To the extent I.R.C. §§ 4979A and 6501 might create differing results
> here, this Court should be guided by the rules of resolving statutory con-
> flicts. First, the Court should look for means to harmonize apparently
> conflicting statutes. *Beal v. Commissioner*, 13 B.T.A. 677, 683 (1928). If
> they may not be harmonized, only when two statutes irreconcilably con-
> flict and the conflict cannot be resolved by interpretation, then the more
> specific statute controls over the more general one. *Estate of Morgens v.*
> *Commissioner*, 133 T.C. 402, 423 (2009) (citing 2B Singer & Singer, Stat-
> utes and Statutory Construction, sec. 51:2, at 216218 (7th ed. 2008)). In
> addition, where two irreconcilably conflicting statutes are involved, the
> more recent of the two prevails. *Id.*

_____

[3]All section references are to the Internal Revenue Code (Code) in effect
for the year at issue.

In this case, if the Court applies these statutory conflict rules, both rules point to the primacy of I.R.C. § 4979A(e) (2) (D) over I.R.C. § 6501. First, § 4979A is the more specific statute, and second, it was more recently amended.

In *Eggertsen I*, we accepted respondent's position that section 4979A(e)(2)(D), not section 6501, controls resolution of the statute of limitations issue. We held that the period of limitations under section 4979A(e)(2)(D) for assessing the excise tax that section 4979A(a) imposes on petitioner has expired.

## *Discussion*

The granting of a motion for reconsideration rests within our discretion. *See Westbrook v. Commissioner*, 68 F.3d 868, 879 (5th Cir. 1995), *aff'g per curiam* T.C. Memo. 1993–634; *Estate of Quirk v. Commissioner*, 928 F.2d 751, 759 (6th Cir. 1991), *aff'g in part, remanding in part* T.C. Memo. 1988–286; *Klarkowski v. Commissioner*, 385 F.2d 398, 401 (7th Cir. 1967), *aff'g* T.C. Memo. 1965–328. A motion for reconsideration will be denied unless substantial error or unusual circumstances are shown. *See Westbrook v. Commissioner*, 68 F.3d at 879; *Estate of Quirk v. Commissioner*, 928 F.2d at 759; *Alexander v. Commissioner*, 95 T.C. 467, 469 (1990), *aff'd without published opinion sub nom. Stell v. Commissioner*, 999 F.2d 544 (9th Cir. 1993); *Vaughn v. Commissioner*, 87 T.C. 164, 167 (1986).

In *Eggertsen I*, it was respondent's position that section 4979A(e)(2)(D), not section 6501, controls resolution of the statute of limitations issue. In support of that position, respondent advanced the following arguments on brief in *Eggertsen I*:

I.R.C. § 6501(a) is not the governing period of limitations under the facts of this case. By its terms * * * I.R.C. § 4979A(e) (2) (D) is the applicable statute of limitations in this case.[4]

The specific triggering requirement to begin the running of the statute under the circumstances of this case is the later of the date of the allocation or ownership at issue or the date when the taxpayer provides notification to the respondent of the ownership or allocation at issue. I.R.C. § 4979A(e) (2) (D).

By contrast, the event that triggers the running of I.R.C. § 6501 is the filing of an original return. I.R.C. § 6501(a); *See also*, *Beard v. Commissioner*, 82 T.C. 766, 780 (1984). This specific triggering device (i.e. the filing of a return) was not incorporated into I.R.C. § 4979A.

[4]To the extent I.R.C. §§ 4979A and 6501 might create differing results here, this Court should be guided by the rules of resolving statutory conflicts. First, the Court should look for means to harmonize apparently conflicting statutes. *Beal v. Commissioner*, 13 B.T.A. 677, 683 (1928). If they may not be harmonized, only when two statutes irreconcilably conflict and the conflict cannot be resolved by interpretation, then the more specific statute controls over the more general one. *Estate of Morgens v. Commissioner*, 133 T.C. 402, 423 (2009) (citing 2B Singer & Singer, Statutes and Statutory Construction, sec. 51:2, at 216218 (7th ed. 2008)). In addition, where two irreconcilably conflicting statutes are involved, the more recent of the two prevails. *Id.*

In this case, if the Court applies these statutory conflict rules, both rules point to the primacy of I.R.C. § 4979A(e) (2) (D) over I.R.C. § 6501. First, § 4979A is the more specific statute, and second, it was more recently amended.

In *Eggertsen I*, we accepted respondent's position that section 4979A(e)(2)(D), not section 6501, controls resolution of the statute of limitations issue. We held that the period of limitations under section 4979A(e)(2)(D) for assessing the excise tax that section 4979A(a) imposes on petitioner has expired.

In respondent's motions, it is the position of respondent that section 6501, not section 4979A(e)(2)(D), controls resolution of the statute of limitations issue. In support of that position, respondent advances the following arguments in respondent's motions:

[T]he limitations period under I.R.C. § 4979A(e)(2)(D) supplements but does not replace the general limitations period under I.R.C. § 6501 or the specific limitations period under I.R.C. § 6501(c)(3). In this case, because the interaction between I.R.C. § 6501 and I.R.C. § 4979A was not discussed, the Opinion contains a substantial error of law when it implies that I.R.C. § 4979A replaces I.R.C. § 6501. Instead, because the limitations period under I.R.C. § 6501 is not superseded and has not expired, the period during which Respondent can assess the excise tax under I.R.C. § 4979A remains open.

Upon reconsideration of our holding in *Eggertsen I* that the period of limitations under section 4979A(e)(2)(D) for assessing the excise tax that section 4979A(a) imposes on P for its taxable year 2005 has expired, we conclude that we committed substantial error.[4] That is because in so holding

[4]The circumstances involved here are materially distinguishable from the circumstances involved in certain other cases where we denied motions for reconsideration because theories or issues were raised in those motions that could have been, but were not, raised before we issued our original

we concluded implicitly, as respondent had argued expressly, that section 4979A(e)(2)(D), a specific statute applicable to the excise tax imposed by section 4979A(a), took precedence over section 6501, a general statute applicable to all taxes imposed by the Code. We conclude upon reconsideration that section 4979A(e)(2)(D) serves only to extend under the circumstances set forth therein the period of limitations prescribed by section 6501. *Cf. BLAK Invs. v. Commissioner*, 133 T.C. 431, 435–436 (2009); *Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner*, 114 T.C. 533, 542–543 (2000).

We consider now whether the period of limitations under section 6501 has expired for assessing the excise tax under section 4979A(a) for petitioner's taxable year 2005 that was triggered by an event described in section 4979A(a)(3). Petitioner is liable for that excise tax. *See* sec. 4979A(c)(2). Form 5330 is the form that the Commissioner of Internal Revenue has prescribed as the form in which, inter alia, the excise tax under section 4979A is required to be reported. We found in *Eggertsen I* that petitioner did not file Form 5330 for its taxable year 2005. Unless petitioner filed another document that qualifies as a return for section 4979A(a) excise tax purposes within the meaning of section 6501(a), the excise tax that section 4979A(a) imposes on petitioner for its taxable year 2005 may be assessed at any time under section 6501(c)(3).

We shall examine the record that the parties fully stipulated in *Eggertsen I*, *see supra* note 2, in order to determine whether petitioner filed for its taxable year 2005 a document that qualifies as a return for section 4979A(a) excise tax purposes within the meaning of section 6501(a). In order for a document filed by a taxpayer to qualify as a return within the meaning of section 6501(a), it must (1) contain sufficient information to calculate the taxpayer's tax liability, (2) pur-

---

opinion. *See, e.g.*, *CWT Farms, Inc. v. Commissioner*, 79 T.C. 1054, 1057 (1982) ("We will generally not grant reconsideration to resolve issues which could have been raised during the prior proceedings[.]"), *supplementing* 79 T.C. 86 (1982), *aff'd*, 755 F.2d 790 (11th Cir. 1985); *Lowry v. Commissioner*, T.C. Memo. 2004–10, slip op. at 4 ("On motions for reconsideration we do not, except under extraordinary circumstances, address any new issue which a party could have addressed but failed to address prior to the Court's deciding the case."), *supplementing* T.C. Memo. 2003–225, *aff'd*, 171 Fed. Appx. 6 (9th Cir. 2006).

port to be a return, (3) constitute an honest and reasonable attempt by the taxpayer to satisfy the requirements of the Federal tax law, and (4) be executed under penalties of perjury. [5] *See Beard v. Commissioner*, 82 T.C. 766, 777 (1984), *aff'd per curiam*, 793 F.2d 139 (6th Cir. 1986).

The record contains the 2005 Form 1120S that petitioner filed around April 26, 2006, the employee benefit plan 2005 annual return that the ESOP in question filed on a date not established by the record during 2006, and the amended employee benefit plan 2005 annual return that the ESOP in question filed on a date not established by the record.

We turn first to petitioner's 2005 Form 1120S. In that form, petitioner showed, inter alia, that during 2005 the ESOP in question owned 100% of the stock of petitioner. In order for the 2005 Form 1120S to qualify as a return for section 4979A(a) excise tax purposes within the meaning of section 6501(a), it must, inter alia, contain sufficient information to calculate petitioner's excise tax liability for its taxable year 2005 under section 4979A(a). *See Beard v. Commissioner*, 82 T.C. at 777. The information necessary to calculate petitioner's excise tax liability under section 4979A(a) for its taxable year 2005 includes information regarding the total value of all deemed-owned shares of all disqualified persons with respect to the ESOP in question. *See* sec. 4979A(a), (e)(2)(C). Petitioner's 2005 Form 1120S did not contain that information. [6]

On the record in *Eggertsen I*, we find that petitioner's 2005 Form 1120S does not qualify as a return for section 4979A(a) excise tax purposes within the meaning of section 6501(a).

We turn next to the employee benefit plan 2005 annual return that the ESOP in question filed on a date not established by the record during 2006 and the amended employee

---

[5] As pertinent here, sec. 6501(b)(4) provides that for purposes of sec. 6501 the filing of a return for a specified period in which an entry has been made with respect to a tax imposed under, inter alia, sec. 4979A, including a return in which an entry has been made showing no liability for such tax for such period, shall constitute the filing of a return of all amounts of such tax which, if properly paid, would be required to be reported in such return for such period.

[6] Petitioner made no entry in petitioner's 2005 Form 1120S with respect to an excise tax imposed by sec. 4979A, not even an entry that showed no liability for that tax for taxable year 2005. *See supra* note 5.

benefit plan 2005 annual return that that ESOP filed on a date not established by the record. In the employee benefit plan 2005 annual return, the ESOP in question showed that (1) its effective date was January 1, 1999; (2) it was maintained by petitioner during 2005; (3) it had three participants during 2005, two of whom were not identified and were described as "Active participants" and one of whom was identified as Kerry C. Duggan and described as "Other retired or separated participants entitled to future benefits"; (4) it held assets at the end of 2005 valued at $401,500; and (5) its assets consisted exclusively of "Employer securities".

In the amended employee benefit plan 2005 annual return, the ESOP in question showed information that was identical in most respects to the information that it had showed in the employee benefit plan 2005 annual return, except that (1) the ESOP in question did not identify in the amended employee benefit plan 2005 annual return the individual described in that return as "Other retired or separated participants entitled to benefits" and (2) the ESOP in question showed in the amended employee benefit plan 2005 annual return that it held assets at the end of 2005 valued at $868,833, which included "Employer securities" valued at that yearend at $401,500.

As discussed above, petitioner is liable for its taxable year 2005 for the excise tax under section 4979A(a) that we found in *Eggertsen I* was triggered by an event described in section 4979A(a)(3). *See* sec. 4979A(c)(2). The ESOP in question, not petitioner, filed the employee benefit plan 2005 annual return and the amended employee benefit plan 2005 annual return. Assuming arguendo that petitioner had filed those returns, they did not contain the information regarding the total value of all deemed-owned shares of all disqualified persons with respect to the ESOP in question that was necessary to calculate petitioner's excise tax liability under section 4979A(a) for its taxable year 2005.[7] *See* sec. 4979A(a), (e)(2)(C).

---

[7] The ESOP in question made no entry in the employee benefit plan 2005 annual return that it filed with respect to an excise tax imposed by sec. 4979A, not even an entry that showed no liability for that tax for taxable year 2005. *See supra* note 5.

On the record in *Eggertsen I*, we find that neither the employee benefit plan 2005 annual return nor the amended employee benefit plan 2005 annual return that the ESOP in question filed qualifies as a return for section 4979A(a) purposes within the meaning of section 6501(a).

On the record in *Eggertsen I*, we find that petitioner did not file with respondent any document that qualifies as a return for purposes of section 4979A(a) within the meaning of section 6501(a). On that record, we hold that the excise tax under section 4979A(a) for petitioner's taxable year 2005 may be assessed at any time under section 6501(c)(3).

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

> *An order granting respondent's motions and vacating the decision for petitioner entered on February 12, 2014, and decision for respondent will be entered.*